21 F.3d 424
 30 U.S.P.Q.2d 1494
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ST. PAUL FIRE & MARINE INSURANCE COMPANY, Plaintiff-Appellee,
v.
ADVANCED INTERVENTIONAL SYSTEMS, INCORPORATED, Defendant-Appellant.
 No. 93-1922.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 7, 1994.
Decided Apr. 8, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis III, District Judge. (CA-92-1634-A)
 David A. Gauntlett, Callahan & Gauntlett, Irvine, Cal., for appellant.
 Jeffrey John Bouslog, Oppenheimer, Wolfe & Donnelly, St. Paul, Minn., for appellee.
 On Brief: Craig A. Callahan, Callahan & Gauntlett, Irvine, Cal.; Laurence R. Hefter, Liam O'Grady, Finnegan, Henderson, Farabow, Garrett & Dunker, Washington, D.C., for appellant.
 Bethany K. Culp, Oppenheimer, Wolff & Donnlley, St. Paul, Minn.; Daniel W. Cotter, Daniel W. Cotter Law Offices, Fairfax, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and RONEY, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 As a result of an insurance coverage dispute, St. Paul Fire and Marine Insurance Co. (St. Paul), alleging diversity jurisdiction, brought this declaratory judgment action in the Eastern District of Virginia against its insured, Advanced Interventional Systems, Inc. (AIS). The district court denied AIS's motion to dismiss for lack of personal jurisdiction and later awarded summary judgment to St. Paul. The judgment was that St. Paul had no duty under the "advertising injury" or "personal injury" coverages of its policy to defend or indemnify AIS in an underlying action brought in the same district by Pillco Limited Partnership (Pillco) against AIS for patent infringement and inducement to infringe. AIS appeals and we affirm.
 
 I.
 
 2
 Pillco holds several patents for a laser angioplasty device and for the methodology to use the device. Pillco licenses third parties to use this technology. AIS develops, makes and markets angioplasty systems. Beginning in 1988, AIS sold its angioplasty (Dymer 200k) laser system to three Virginia hospitals. In 1992, Pillco sued AIS in the Eastern District of Virginia (the Pillco action), alleging (i) that AIS's sale and dissemination of the Dymer 200k device infringed certain of Pillco's patents, and (ii) that AIS induced others to infringe Pillco's patents by persuading them to use the Dymer 200k.
 
 
 3
 AIS tendered Pillco's complaint to St. Paul, but St. Paul refused to defend or indemnify AIS, saying that claims for patent infringement and inducement to infringe patents were not covered by the St. Paul commercial general liability policy bought by AIS. The jury found that the Dymer 200k infringed upon one of Pillco's apparatus patents. While the Pillco action was on appeal, AIS and Pillco settled by entering into a licensing agreement. AIS spent over $1 million in defending the Pillco action.
 
 II.
 
 4
 AIS argues that its contacts with Virginia, which led to the Pillco action, do not support personal jurisdiction over AIS in this related insurance coverage dispute. AIS also argues that "the record contains no finding that St. Paul satisfied its ultimate burden of proof on [the jurisdictional] issue." Br. at 13. We disagree on both counts.
 
 
 5
 St. Paul's policy was negotiated and presented to AIS through a broker in California, and AIS paid the initial premium to the California broker. Nevertheless, AIS's contacts with Virginia are undisputed, and even AIS's characterization of those contacts reveals that they were substantial: AIS acknowledges its "placement of Dymer 200k systems with three Virginia medical facilities ... (with attendant installation and instruction)...." Br. at 14. AIS says that these acts relate to the underlying claims in the Pillco action and merely create the backdrop for the coverage dispute. They can not, according to AIS, form a basis for personal jurisdiction here. The district court reached the opposite conclusion after reviewing affidavits, deposition excerpts and documents submitted by the parties and after affording the parties a hearing.
 
 
 6
 At the beginning of the hearing on AIS's Fed.R.Civ.P. 12(b)(2) motion, the district court outlined "where [it stood]" on the personal jurisdiction issue:
 
 
 7
 Personal jurisdiction will be determined under the state long-arm statute, chiefly under the transacting business provision. The facts in this case make it unmistakably clear that the defendant [AIS] in this matter was in Virginia on several occasions, three if I recall correctly, and those three incidents involved the sale of the equipment which furnished the basis for--or at least part of the basis for the patent infringement action. Specifically, they demonstrated some equipment at the Medical College of Virginia and at a hospital here in Northern Virginia.
 
 
 8
 JA 202.
 
 
 9
 At the end of the hearing, the district court confirmed its findings and conclusion:
 
 
 10
 The Court finds that there is personal jurisdiction. There are abundant contacts with Virginia growing out of the patent infringement suit, the acts of infringement before that. And when the long-arm statute says the ["]cause of action arising from the person[']s [[t]ransacting any business in this Commonwealth"], it means not only the decision but also the underlying matter. And I don't have any trouble finding that transacting any business portion of the long-arm[Va. Code Ann. Sec. 8.01-328.1.A.1] applies in this instance, nor is there any due process problem. So the Court denies the motion to dismiss for lack of personal jurisdiction.
 
 
 11
 JA 205-06.
 
 
 12
 In short, the district court was saying that St. Paul's cause of action (in the instant case) to construe the policy arises from and is intertwined with AIS's activities in Virginia which first led to the underlying Pillco action. The district court's findings were adequate, fully supported by the record, and sufficient for it to conclude that it had personal jurisdiction over AIS. On this issue, we affirm on the reasoning of the district court. JA 201-06.
 
 III.
 
 13
 After both parties moved for summary judgment, the district court (applying California law) decided the substantive question, i.e., whether St. Paul had a duty under its commercial general liability policy to defend and indemnify AIS with respect to the Pillco action.
 
 
 14
 St. Paul's policy provides coverage for "advertising injury" and "personal injury." AIS contends that Pillco's claims allege conduct by AIS which falls within both coverages.
 
 
 15
 "Advertising injury" is defined in the policy as:
 
 
 16
 injury caused by any of the following offenses that result from advertising your products or work:
 
 
 17
 . libel or slander;
 
 
 18
 . written or spoken material made public which belittles the products or work of others;
 
 
 19
 . written or spoken material made public which violates an individual's right of privacy;
 
 
 20
 . unauthorized taking of advertising ideas or style of doing business;
 
 
 21
 . infringement of copyright, title or slogan.
 
 
 22
 JA 350.
 
 
 23
 "Personal injury" is defined as:
 
 
 24
 injury, other than bodily injury, caused by any one of the following offenses that result from your business activities, other than advertising, broadcasting, publishing or telecasting done by or for you:
 
 
 25
 . false arrest, detention, or imprisonment;
 
 
 26
 . malicious prosecution;
 
 
 27
 . wrongful entry or wrongful eviction;
 
 
 28
 . libel or slander;
 
 
 29
 . written or spoken material made public which belittles the products or work of others;
 
 
 30
 . written or spoken material made public which violates an individual's right of privacy.
 
 
 31
 JA 350.
 
 
 32
 As the district court correctly observed, neither patent infringement nor inducement of patent infringement are enumerated predicate offenses under the advertising injury or personal injury provisions of the policy.
 
 
 33
 AIS emphasizes that even if the Pillco complaint's "express claims" for direct infringement and inducement are not enumerated predicate offenses, under California law the duty to defend arises when "the facts of the underlying occurrence potentially reveal a claim falling within the potential coverage of" an insurance policy. Br. at 16.[1] AIS argues that the facts underlying the Pillco action could give rise to predicate offenses within the advertising and personal injury provisions of St. Paul's policy; specifically, (i) belittlement of Pillco's product, (ii) unauthorized taking of Pillco's style of doing business, and (iii) infringement of Pillco's title. We agree with the district court that even if Pillco's factual allegations could be manipulated to satisfy the elements of these predicate offenses (which we doubt), any resulting potential claims would be preempted by federal patent law.
 
 
 34
 In sum, on the issues relating to St. Paul's duties under the policy, we affirm on the reasoning of the district court. St. Paul Fire & Marine Ins. Co. v. Advanced Interventional Sys., Inc., 824 F.Supp. 583 (E.D. Va.1993).[2]
 
 IV.
 
 35
 We affirm (i) the district court's April 12, 1993 order which denied AIS's motion for lack of personal jurisdiction, and (ii) the district court's June 21, 1993 order which granted St. Paul's motion for summary judgment.
 
 AFFIRMED
 
 
 [1]
 AIS charges the district court with ignoring California law on this point. Br. at 16-21. We disagree. The district court explicitly addressed whether the facts underlying the Pillco complaint could trigger the duty to defend under California law. See JA 984-86, 990
 
 
 [2]
 We find nothing that would justify reversal in the other issues raised by AIS on appeal which were not specifically addressed by the district court in its memorandum opinion. Similarly, there is no need to address the additional arguments made by St. Paul