**GENCOR INDUSTRIES, INC., Plaintiff,**

v.

**WAUSAU UNDERWRITERS INSURANCE COMPANY, et al., Defendants.**

Nos. 92–1106–CIV–ORL–22, 92–1107–CIV–ORL–22, 92–1108–CIV–ORL–22, 92–1117–CIV–ORL–22, 92–1118–CIV–ORL–22 and 92–1121–CIV–ORL–22.

United States District Court
M.D. Florida,
Orlando Division.

May 13, 1994.

Robert D. Gatton, Broad & Cassel, Orlando, FL, for Gencor Industries, Inc.

Mary Applegate Lau, Lau, Lane, Pieper & Asti, P.A., Tampa, FL, Patricia St. Peter, Zelle & Larson, Minneapolis, MN, for Wausau Underwriters.

Mary Applegate Lau, Terese Wallschlaeger, Patricia St. Peter, Zelle & Larson, Minneapolis, MN, for Employers Ins. of Wausau.

Ronald L. Kammer, Hinshaw & Culbertson, Miami, FL, Duncan B. Dowling, III, Rogers, Dowling, Fleming & Coleman, P.A., Orlando, FL, for Travelers Indem. Co.

William G. Liston, Robert Scott Newman, Marlow, Shofi, Smith, Hennen, Smith & Jenkins, Miami, FL, for National Union Fire Ins. Co. of Pittsburg, PA.

Ronald L. Kammer, Hinshaw & Culbertson, Miami, FL, for Travelers Indem. Co. of Illinois.

## MEMORANDUM DECISION AND ORDER

CONWAY, District Judge.

### I. INTRODUCTION

Plaintiff Gencor sues five insurers, seeking a declaration that under certain liability insurance policies, the insurers must defend Gencor in the case of *Standard Havens Products, Inc. v. Gencor Industries, Inc. and E.J. Elliott,* Case No. 88–1209–CV–W–3, pending in the United States District Court for the Western District of Missouri, and must indemnify Gencor for any damages assessed against Gencor in that case.[1] More particularly, Gencor contends that Standard Havens' claims of patent infringement and inducement to infringe seek damages covered under the "advertising injury" provisions of the six policies of insurance issued by the defendants.

The insurers deny that they have a duty to defend or to indemnify Gencor under the terms of the policies. Gencor has filed a motion for summary judgment against each of the insurers. All but one of the insurers have filed motions for summary judgment, and the remaining insurer has moved to dismiss. These, and related motions, are before the Court for consideration.

### II. THE UNDERLYING ACTION

In the underlying action, Standard Havens initially sued Gencor for breach of a confidential relationship and unfair competition.[2] Gencor responded by challenging the validity of a patent held by Standard Havens, and by filing a counterclaim seeking a declaration that the patent was invalid and/or unenforceable. In reply to Gencor's counterclaim,

1. Gencor also asserts a breach of contract claim against each insurer.

2. Standard Havens later amended its complaint to add E.J. Elliott (Gencor's Chairman and President) as a defendant, and to include a breach of contract claim. These changes are immaterial to resolution of the pending motions.

3. In its entirety, Standard Havens' allegation of patent infringement stated: "Defendant has directly or contributorily infringed, or has induced others to infringe, one or more of the claims of the Hawkins patent, and such infringement by

Standard Havens alleged that Gencor had directly or contributorily infringed, or induced others to infringe, one or more of the claims of the subject patent.[3]

At trial, Standard Havens prevailed on its claims that Gencor had contributed to infringement of Standard Havens' patent, had induced infringement of the patent, and had breached its contract with Standard Havens. On appeal, the United States Court of Appeals for the Federal Circuit affirmed the district court's judgment that the patent was infringed and was not invalid, vacated the contract and patent damage awards, and remanded the case for further proceedings related to damages. *Standard Havens Products, Inc. v. Gencor Industries, Inc.,* 953 F.2d 1360, 1376 (Fed.Cir.1991), *cert. denied,* ——— U.S. ———, 113 S.Ct. 60, 121 L.Ed.2d 28 (1992).[4]

### III. THE LANGUAGE OF THE INSURANCE POLICIES

The 1986 policy issued by Travelers Indemnity Company, and the 1987 policy issued by Travelers Indemnity Company of Illinois, define "advertising injury" as follows:

> **"Advertising injury"** means injury arising out of an offense committed during the policy period occurring in the course of the **Named Insured's** advertising activities, if such injury arises out of libel, slander, defamation, violation of right of privacy, piracy, unfair competition, or infringement of copyright, title or slogan.

The policy issued by National Union Fire Insurance Company of Pittsburgh, Pa. defines "advertising injury" as "injury arising out of one or more of the following offenses":

Defendant has been willful." Standard Havens Products, Inc.'s Reply to Gencor Industries, Inc.'s Counterclaim, para. 8 (Part 4 of Gencor's Appendix and Notice of Filing in Support of Motions for Summary Judgment (Dkt. 56)).

4. Even though Standard Havens sued Gencor for direct patent infringement, that theory apparently was not submitted to the jury. Gencor was found liable for contributory infringement and inducement to infringe. Hence, Gencor's liability for direct patent infringement is no longer an issue.

a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

b. Oral or written publication of material that violates a person's right of privacy;

c. Misappropriation of advertising ideas or style of doing business; or

d. Infringement of copyright, title or slogen [sic].

The 1988 and 1989 policies issued by Employers Insurance of Wausau provide, in pertinent part, as follows:

## SECTION I—COVERAGES

\* \* \* \* \* \*

### COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement

\* \* \* \* \* \*

c. This insurance applies to "advertising injury" only if caused by an offense committed:

(1) In the "coverage territory" during the policy period; and

(2) In the course of advertising your goods, products or services.

\* \* \* \* \* \*

### SECTION V—DEFINITIONS

1. "Advertising injury" means injury arising out of one or more of the following offenses:

a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

b. Oral or written publication of material that violates a person's right of privacy;

c. Misappropriation of advertising ideas or style of doing business; or

d. Infringement of copyright, title or slogan.

The 1990 policy issued by Wausau Underwriters Insurance Company contains the same language concerning "advertising injury" as is set forth in the 1988 and 1989 Wausau policies. However, in addition, the 1990 policy contains a "Personal and Advertising Injury Liability Coverage Amendment Endorsement", effective May 1, 1990. The "Amendment Endorsement" provides, in pertinent part, as follows:

A. COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY is deleted and replaced by the following:

COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement.

\* \* \* \* \* \*

b. This insurance applies to "personal injury" or "advertising injury" only if:

(1) The "personal injury" or "advertising injury" arises out of an offense committed in the "coverage territory"; and

(2) The "personal injury" or "advertising injury" arises out of an offense committed during the policy period.

\* \* \* \* \* \*

B. SECTION V—DEFINITIONS, paragraph 1. is deleted and replaced by the following:

1. "Advertising injury" means injury, other than "bodily injury" or "property damage", arising out of one or more of the following offenses committed in the course of "your advertising activities":

a. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

b. Oral or written publication of material that violates a person's right of privacy;

c. Misappropriation of advertising ideas or misappropriation of style of doing business; or

d. Infringement of copyright, title, trademark, patent, or slogan.

\* \* \* \* \* \*

D. SECTION V—DEFINITIONS is amended to include the following definition:

"Your advertising activities" means wide spread distribution of material promoting your goods, products or services.

*IV. GENCOR'S MOTIONS FOR SUMMARY JUDGMENT AGAINST NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. (DKT. 54), AND EMPLOYERS INSURANCE OF WAUSAU (DKTS. 46 AND 48)*

■ Direct patent infringement, contributory infringement, and inducement to infringe are not listed as "offenses" in the policies issued by these carriers. Nevertheless, Gencor asserts that one or more of the "offenses" listed in the policies encompass patent infringement and/or inducement. Specifically, Gencor argues that patent infringement and inducement come within the ambit of the listed "offenses" of "misappropriation of advertising ideas or style of doing business" and "infringement of title."

The Court rejects these arguments. Patent infringement and inducement to infringe do not constitute "misappropriation of advertising ideas or style of doing business." *See St. Paul Fire & Marine Ins. Co. v. Advanced Interventional Sys.*, 824 F.Supp. 583, 585–87 (E.D.Va.1993) (construing similar policy language of "unauthorized taking of advertising ideas or style of doing business"), *aff'd.*, 1994 WL 118029, 1994 U.S.App. LEXIS 6979 (4th Cir. Apr. 8, 1994). The rationale underlying this proposition is simple:

> [I]t is nonsense to suppose that if the parties had intended the insurance policy in question to cover patent infringement claims, the policy would explicitly cover infringements of "copyright, title or slogan," but then include patent infringement, *sub silentio*, in a different provision, by reference to "unauthorized taking of . . . [the] style of doing business."

*Advanced Interventional*, 824 F.Supp. at 586. This logic applies equally to the inducement claim.

It is even more absurd to suggest that the phrase "infringement of . . . title", as used in the clause "infringement of copyright, title or slogan", encompasses patent infringement or inducement to infringe. Basic common sense dictates that if these policies covered any form of patent infringement, the word "patent" would appear in the quoted "infringement" clauses. Accordingly, the Court determines that Gencor's infringement of Standard Havens' patent is not encompassed within any of the advertising "offenses" listed in these insurance policies.

■ Moreover, coverage is afforded under these policies only if one of the specified "offenses" was committed in the course of the insured's advertising or advertising activities. Direct patent infringement cannot be committed in the course of advertising activities. *See Aetna Casualty & Surety Co. v. Superior Court*, 19 Cal.App.4th 320, 328, 23 Cal.Rptr.2d 442 (1993), *review denied* (Cal. 1994). Even if the rule were otherwise respecting contributory infringement or inducement to infringe, there is no indication that Gencor committed those wrongs in the course of advertising.

■ Standard Havens' Complaint, First Amended Complaint, and Reply to Gencor's Counterclaim do not allege that Gencor committed any form of patent infringement in the course of advertising. Ordinarily, the absence of an allegation that the underlying offense occurred because of advertising would result in a determination that the insurers have no duty to defend. *See Lazzara Oil Co. v. Columbia Casualty Co.*, 683 F.Supp. 777, 781 (M.D.Fla.1988), *aff'd. without op.*, 868 F.2d 1274 (11th Cir.1989); *Sentry Ins. v. R.J. Weber Co.*, 2 F.3d 554, 557 (5th Cir.1993).[5] However, Gencor argues that the following sentence in Standard Havens' Complaint provides the necessary link to advertising:

> In violation of [Gencor's] contractual and ethical obligations as a vendor of asphalt plant components to asphalt plant manufacturers, [Gencor] utilized [Standard Havens'] new plant design and technology to offer [Gencor's] own asphalt plant to the industry.

Standard Havens' Complaint, para. 11 (Part 2 of Gencor's Appendix and Notice of Filing

---

**5.** Contrary statements in *Merchants Co. v. American Motorists Ins. Co.*, 794 F.Supp. 611, 617 (S.D.Miss.1992), are of questionable validity in light of *Sentry Ins. v. R.J. Weber Co.*, 2 F.3d at 557.

in Support of Motions for Summary Judgment (Dkt. 56)).[6]

This argument is unconvincing. First, in the context of the quoted sentence, "offer" does not equate to "advertising". Second, the quoted allegation was included in Standard Havens' unfair competition count of the Complaint, well before any allegations of patent infringement had been injected in the case. Third, and perhaps most significant, Gencor mistakenly focuses on the pleadings as triggering the duty to defend.

Ordinarily, a court **would** decide the duty to defend issue by examining the allegations in the pleadings. *See Trizec Properties v. Biltmore Const. Co.*, 767 F.2d 810, 811 (11th Cir.1985). However, this case is atypical. Gencor did not put its insurers on notice until after its liability to Standard Havens had been fixed. The parties are thus well beyond mere allegations. By the time these insurers learned of Standard Havens "claim" against Gencor, trial and entry of judgment had already taken place. The appeal has been concluded, and the only remaining issues relate to damages. Further, Gencor was not found liable on the unfair competition count (in which it was alleged that Gencor "offered" its own asphalt plant to the industry).

Under these circumstances, the appropriate inquiry is whether there was evidence at trial that Gencor committed contributory infringement and inducement in the course of advertising or advertising activities. Gencor has not identified any such evidence. Further, Gencor has not even attempted to controvert other defendants' contentions that no such evidence was presented at trial. *See* The Travelers' Cross–Motion for Summary Judgment and Response in Opposition to Gencor's Motion for Summary Judgment (Dkt. 80), at 5–6, and Gencor's Memorandum of Law in Opposition to Travelers' Cross–Motion for Summary Judgment (Dkt. 90).[7] Hence, even if contributory infringement and inducement were included in advertising "offenses" listed in the policies, there is no indication that Gencor committed those wrongs in the course of advertising or advertising activities.[8]

Based on the foregoing, the Court determines that these insurers have no obligation to defend Gencor under the subject insurance policies. Further, Gencor's liability to Standard Havens for patent infringement is not covered under the policies. Accordingly, Gencor's motions for summary judgment against National Union and Employers Insurance of Wausau will be denied.

## V. GENCOR'S MOTIONS FOR SUMMARY JUDGMENT AGAINST TRAVELERS INDEMNITY COMPANY (DKT. 50) AND TRAVELERS INDEMNITY COMPANY OF ILLINOIS (DKT. 52)

Gencor contends that patent infringement and inducement to infringe constitute the "offenses" of "infringement of title", "piracy" and "unfair competition", as those terms are used in the "advertising injury" definition in the insurance policies issued by the two Travelers companies. The Court rejects these arguments.

The Court has already addressed "infringement of title" in the preceding section of this Memorandum Decision and Order. The rationale for rejecting Gencor's "infringement of title" argument applies equally to the "offenses" of "piracy" and "unfair competition." It is absurd to suggest that "piracy" and "unfair competition" encompass any form of patent infringement, considering that the word "patent" does not appear in the immediately antecedent clause "or infringement of copyright, title or slogan."

Moreover, as used in insurance policies covering advertising injury, the term "piracy" means "misappropriation or plagiarism found in the elements **of the advertisement**

---

6. This allegation was reasserted in paragraph 12 of Standard Havens' First Amended Complaint.

7. As a result, the Court need not decide what quantum of trial evidence would suffice to trigger the duty to defend.

8. The Court disagrees with the statement in *Merchants Co. v. American Motorists Ins. Co.*, 794 F.Supp. 611, 618 (S.D.Miss.1992), that the phrase "advertising injury" is ambiguous. When viewed in the context of the subject insurance contracts, none of the policy terms discussed herein are ambiguous.

itself—in the text, form, logo, or pictures—rather than in the product being advertised." *Iolab Corp. v. Seaboard Surety Co.,* 15 F.3d 1500, 1506 (9th Cir.1994) (emphasis in original). "While patent infringement can be piracy of the advertised product, generally it is not piracy of the elements of the advertising itself." *Id.* Hence, "piracy" does not embrace Standard Havens' patent infringement claims.

Additionally, "the majority of published opinions ... hold that insurance coverage for 'advertising injury' due to 'unfair competition' is limited to claims under the common law and excludes statutory claims." *Bank of the West v. Superior Court,* 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 544, 833 P.2d 545, 551 (1992); *see also Aetna Casualty & Surety Co. v. Superior Court,* 19 Cal.App.4th 320, 327, 23 Cal.Rptr.2d 442 (1993) (rejecting trial court's holding, before *Bank of the West,* that unfair competition could include inducing patent infringement), *review denied* (Cal. 1994). Hence, in the context of these insurance policies, "unfair competition" does not include patent infringement.

Even if Gencor could successfully shoehorn the underlying patent infringement claims into one or more of the listed advertising injury offenses, the requisite causal link between infringement and advertisement is absent. *See* Part IV of this Memorandum Decision and Order.

Gencor also argues that the Travelers companies must defend Gencor because Standard Havens' initial complaint asserted a claim of unfair competition. This argument overlooks the fact that Gencor's liability to Standard Havens has now been established, and that liability does not include unfair competition. That particular claim apparently was never submitted to the jury. The fact that it was asserted in the pleadings is, at this point, of no moment.

Based on the foregoing, the Court determines that Gencor's motions for summary judgment against Travelers Indemnity Company and Travelers Indemnity Company of Illinois will be denied.

## VI. GENCOR'S MOTION FOR SUMMARY JUDGMENT AGAINST WAUSAU UNDERWRITERS INSURANCE COMPANY (DKT. 44)

The "Amendment Endorsement" to the policy issued by Wausau Underwriters lists "patent infringement" as an "advertising injury" offense. In this respect, that policy is different from those issued by the other insurer defendants. However, as under the other policies, coverage is afforded only if a listed offense is committed in the course of the insured's "advertising activities." The Amendment Endorsement defines "advertising activities" as "wide spread distribution of material promoting your goods, products or services."

As previously discussed, there is no indication that Gencor committed patent infringement in the course of any advertising activities. Accordingly, this insurer is not obligated to defend Gencor, and there is no coverage under the policy. Gencor's motion for summary judgment against Wausau Underwriters Insurance Company will be denied.

## VII. WAUSAU UNDERWRITERS INSURANCE COMPANY AND EMPLOYERS INSURANCE OF WAUSAU'S CROSS–MOTION FOR SUMMARY JUDGMENT (DKT. 67)

Based on the reasoning set forth in parts IV and VI of this Memorandum Decision and Order, the Wausau defendants are not obligated to defend Gencor, and the Wausau policies do not cover Gencor's patent infringement liability to Standard Havens. Accordingly, the Wausau defendants are entitled to final summary judgment against Gencor.[9]

## VIII. TRAVELERS INDEMNITY COMPANY AND TRAVELERS INDEMNITY COMPANY OF ILLINOIS' CROSS–MOTION FOR SUMMARY JUDGMENT (DKT. 80)

Based on the reasoning set forth in part V of this Memorandum Decision and Order, the

---

**9.** It is not necessary for the Court to consider the Wausau defendants' (or any other defendant's) alternative arguments that there is no coverage (1) as a result of the "known loss" doctrine and (2) because the damages assessed against Gencor were for the restitution of uninsurable "ill-gotten gains." Accordingly, the Court does not address those issues.

Travelers defendants are not obligated to defend Gencor, and the Travelers policies do not cover Gencor's liability to Standard Havens. These motions will be granted.

## IX. TRAVELERS INDEMNITY COMPANY AND TRAVELERS INDEMNITY COMPANY OF ILLINOIS' MOTION FOR SUMMARY JUDGMENT (DKT. 38)

This motion seeks summary judgment on the basis of late notice to the moving insurers. Because the Travelers defendants are entitled to summary judgment on other grounds, the Court need not reach the notice issue. Accordingly, this motion will be denied as moot.

## X. NATIONAL UNION'S MOTION TO DISMISS THE AMENDED COMPLAINT (DKT. 30)

This motion and Gencor's response address substantially the same issues as Gencor's motion for summary judgment (Dkt. 54) against National Union, and National Union's response to that motion. Those issues have been thoroughly briefed. As discussed in part IV of this Memorandum Decision and Order, there is no coverage under National Union's policy, and the insurer need not defend Gencor. Accordingly, despite the fact that National Union elected to file a motion to dismiss, rather than a summary judgment motion, the Court will grant summary judgment in National Union's favor. See Landry v. G.B.A., 762 F.2d 462, 464 (5th Cir.1985) (when only one party moves for summary judgment, district court may in appropriate case grant summary judgment in favor of the non-moving party); 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 2720 (1983).

## XI. OTHER PENDING MOTIONS

**A. Travelers' Motion to Strike Affidavits (Dkt. 66).**

This motion will be denied.

**B. Motion of Employers Insurance of Wausau and Wausau Insurance Underwriters to File Supplemental Authority in Support of Their Cross–Motion for Summary Judgment (Dkt. 83).**

This motion will be granted.

**C. Motion of Employers Insurance of Wausau and Wausau Insurance Underwriters to File Additional Supplemental Authority in Support of Their Cross–Motion for Summary Judgment (Dkt. 94).**

This motion will be granted.

**D. Gencor's Motion for Judicial Notice (Dkt. 86).**

This motion asks the Court to judicially notice certain court orders assertedly relevant to the issues of late notice and the known loss doctrine. As a result of its rulings on other dispositive issues, the Court has determined that it need not address the late notice and the known loss arguments. Accordingly, this motion will be denied as moot.

**BASED ON THE FOREGOING, IT IS ORDERED AS FOLLOWS:**

1. Gencor's Motion for Summary Judgment Against National Union Fire Insurance Company of Pittsburgh, PA. (Dkt. 54), filed December 30, 1993, is DENIED.

2. Gencor's Motion for Summary Judgment Against Employers Insurance of Wausau (Dkt. 46), filed December 30, 1993, is DENIED.

3. Gencor's Motion for Summary Judgment Against Employers Insurance of Wausau (Dkt. 48), filed December 30, 1993, is DENIED.

4. Gencor's Motion for Summary Judgment Against Travelers Indemnity Company (Dkt. 50), filed December 30, 1993, is DENIED.

5. Gencor's Motion for Summary Judgment Against Travelers Indemnity of Illinois (Dkt. 52), filed December 30, 1993, is DENIED.

6. Gencor's Motion for Summary Judgment Against Wausau Underwriters Insurance Company (Dkt. 44), filed December 30, 1993, is DENIED.

7. Wausau Underwriters Insurance Company and Employers Insurance of Wausau's

**1568**

Cross–Motion for Summary Judgment (Dkt. 67), filed January 28, 1994, is GRANTED.

8. Travelers Indemnity Company and Travelers Indemnity Company of Illinois' Cross–Motion for Summary Judgment (Dkt. 80), filed February 18, 1994, is GRANTED.

9. Travelers Indemnity Company and Travelers Indemnity Company of Illinois' Motion for Summary Judgment (Dkt. 38), filed December 6, 1993, is DENIED AS MOOT.

10. National Union's Motion to Dismiss the Amended Complaint (Dkt. 30), filed September 20, 1993, is treated as a motion for summary judgment and is GRANTED.

11. Travelers' Motion to Strike Affidavits (Dkt. 66), filed January 27, 1994, is DENIED.

12. The Motion of Employers Insurance of Wausau and Wausau Insurance Underwriters to File Supplemental Authority in Support of Their Cross–Motion for Summary Judgment (Dkt. 83), filed February 25, 1994, is GRANTED.

13. The Motion of Employers Insurance of Wausau and Wausau Insurance Underwriters to File Additional Supplemental Authority in Support of Their Cross–Motion for Summary Judgment (Dkt. 94), filed May 5, 1994, is GRANTED.

14. Gencor's Motion for Judicial Notice (Dkt. 86), filed February 28, 1994, is DENIED AS MOOT.

15. The Clerk is directed to enter judgment in favor of the defendants and against the plaintiff.

DONE AND ORDERED.