**POLARIS INDUSTRIES, L.P., Appellant,**

**v.**

**The CONTINENTAL INSURANCE COMPANY, Respondent,**

**Twin City Fire Insurance Company, et al., Defendants.**

No. CX–95–897.

Court of Appeals of Minnesota.

Nov. 14, 1995.

Review Denied Jan. 25, 1996.

Fred Burstein, Dylan J. McFarland, Burstein, Hertogs, Olsen & McFarland, P.A., Minneapolis, for Appellant.

John T. Chapman, Katherine L. MacKinnon, Arthur, Chapman, McDonough, Kettering & Smetak, P.A., Minneapolis, Jay S. Handlin, Simpson Thacher & Bartlett, New York City, for Respondent.

Considered and decided by LANSING, P.J., and RANDALL and HARTEN, JJ.

## OPINION

LANSING, Judge.

On summary judgment in a declaratory action, the district court interpreted advertising liability coverage as creating no obligation to defend in litigation alleging trade secret misappropriation, patent infringement, and consumer protection violations. The allegations under the Consumer Protection Act arguably fall within the coverage for unfair competition arising out of advertising activities, and we reverse and remand.

## FACTS

The litigation for which Polaris Industries seeks defense coverage involves a dispute over the development of an electronic fuel-

injection system to replace the carburetor in two-cycle engines. Polaris publicly announced production of "the industry's first" electronic fuel-injected snowmobiles in the autumn of 1989. The press release stated that Polaris had developed the electronic fuel injectors in cooperation with Fuji Heavy Industries.

Injection Research Specialists, Inc. sued Polaris in June 1990. The complaint alleges that Polaris misappropriated patented, confidential, and proprietary information about electronic fuel injectors, and manufactured snowmobile engines that used its proprietary technology. The complaint included specific claims for: unfair competition, misappropriation of confidential and proprietary information, breach of contract, tortious interference with prospective business advantage, unjust enrichment, patent infringement, violation of the Colorado Consumer Protection Act, and violation of the Sherman Act.

Continental Insurance Co. insured Polaris under an umbrella multicover liability policy from September 1989 to September 1990. Continental's policy covered claims for "advertising injury," and defined the scope of coverage:

> [A]dvertising injury whenever used herein means only such injury as arises out of:
>
> (1) libel, slander or defamation of character,
>
> (2) infringement of copyright, title or slogan,
>
> (3) piracy, unfair competition or idea misappropriation,
>
> (4) invasion of rights of privacy,
>
> during the course of advertising activities of the Named Insured.

The policy also denied coverage if any specified exclusions applied.

Polaris requested defense in the suit brought by Injection Research Specialists and when Continental refused, Polaris brought this action for declaratory relief. Both parties moved for summary judgment. The district court granted Continental's motion for summary judgment, finding Continental was not obligated to defend, and Polaris appeals.

## ISSUES

I. Are any of Injection Research Specialists' claims for injuries causally related to Polaris' advertising activities?

II. Are any causally related claims arguably within the scope of Continental's advertising-injury coverage?

## ANALYSIS

The construction of an insurance policy presents a question of law which the district court may properly decide on summary judgment and which we review de novo. *Iowa Kemper Ins. Co. v. Stone,* 269 N.W.2d 885, 887 (Minn.1978). An insurer's obligation to defend is contractual in nature and embraces the underlying cause of action if any part of it arguably falls within the scope of coverage. *Prahm v. Rupp Constr. Co.,* 277 N.W.2d 389, 390 (Minn.1979).

Under Continental's policy advertising-injury coverage is triggered if the advertising injury occurs during the course of the insured's advertising activities, the injury arguably falls within the policy's defined scope of advertising-injury coverage, and none of the policy exclusions applies. If all three elements are satisfied, Continental is obligated under the language of the policy to defend.

### I

Continental's policy provides advertising liability coverage for injury arising out of the course of Polaris' advertising activities. Several courts have addressed what causal connection between advertising and injury is sufficient to trigger advertising-injury coverage. *See Bank of the West v. Superior Court,* 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 552–53, 833 P.2d 545, 559–60 (1992) (en banc) (holding that advertising must actually cause injury for advertising-injury coverage to apply); *Iolab Corp. v. Seaboard Sur. Co.,* 15 F.3d 1500, 1506 (9th Cir.1994) (applying a direct causal connection test). *But see John Deere Ins. Co. v. Shamrock Indus., Inc.,* 696 F.Supp. 434, 440 (D.Minn.1988) (applying a "but for" causation test), *aff'd,* 929 F.2d 413 (8th Cir.1991).

Minnesota courts have not directly addressed the degree of causation required for advertising liability coverage, but at least one case has upheld a finding of coverage based on direct causation. *Ross v. Briggs & Morgan,* 520 N.W.2d 432, 436–37 (Minn.App. 1994), *review granted* (Minn. Oct. 27, 1994).

■ Direct or proximate causation requires the injury to be the actual result of the advertising activity, not merely the result of some other activity that happens to be advertised. Other courts have examined identical or similar policy language and have rejected claims that do not have a causal connection to advertising activities. *Iolab Corp.,* 15 F.3d at 1506; *Gencor Indus., Inc. v. Wausau Underwriters Ins. Co.,* 857 F.Supp. 1560, 1565–66 (M.D.Fla.1994); *Davila v. Arlasky,* 857 F.Supp. 1258, 1262–63 (N.D.Ill.1994) (mem.), *appeal dismissed,* 47 F.3d 1182 (Fed. Cir.1995); *Atlantic Mut. Ins. Co. v. Brotech Corp.,* 857 F.Supp. 423, 429 (E.D.Pa.1994), *aff'd,* 60 F.3d 813 (3d Cir. 1995); *Bank of the West,* 10 Cal.Rptr.2d at 552–53, 833 P.2d at 559–60. We agree that, in the absence of controlling language in the policy, advertising-injury coverage should apply to claims of injury only when those alleged injuries arise out of advertising activity. A less stringent requirement would allow any injury to be treated as an advertising injury if the underlying conduct is simply advertised in some manner.

This interpretation matches an insured's reasonable expectation that advertising-injury coverage should apply to injuries from advertising, rather than injuries arising out of other activities that coincidentally were advertised. *See Atwater Creamery Co. v. Western Nat'l Mut. Ins.,* 366 N.W.2d 271, 278 (Minn.1985) (expectations of coverage must be reasonable under the circumstances). That misappropriated information is later advertised does not, by itself, trigger advertising-injury coverage under the policy. If it did the advertising-injury coverage would extend the policy to cover any tortious act, such as products liability, personal injury, or errors or omissions, as long as the alleged harm was advertised in some manner. To allow the policy to be extended in this way would unacceptably distort the relationship between the premium and the risk. *See Wakefield v. Federated Mut. Ins. Co.,* 344 N.W.2d 849, 853 (Minn.1984) (insurance premium should reflect the insurance risk and not create a windfall).

Polaris' alleged misappropriation of information from Injection Research Specialists is the underlying cause of all but one of Injection Research Specialists' injuries. Seven of the eight claims brought by Injection Research Specialists in the underlying complaint make no allegation of injuries causally related to Polaris' advertising activities. Although the prefatory factual section of the complaint mentions the news releases, the complaint does not address them as an element in any of the seven claims.

■ The claimed violation of the Colorado Consumer Protection Act, however, is the result of alleged misrepresentations and distortions in advertisements and press releases. *See* Colo.Rev.Stat. § 6–1–105(b) (1994 & 1995 Supp.) (prohibiting knowingly false representations about the source of goods or property). This claim specifically alleges that the injury arose directly from Polaris' advertising activities. Injection Research Specialists claims it suffered injury when Polaris advertised that it had invented the electronic fuel-injection system used in its snowmobiles. Private parties may bring claims under the Colorado Consumer Protection Act. Colo.Rev.Stat. § 6–1–113 (1994).

**II**

The second requirement for coverage is that the injury must fall within the policy's definitional scope of advertising injury. Advertising injury, as defined by the policy, includes injury arising out of piracy, unfair competition, or idea misappropriation during the course of advertising activities. Injection Research Specialists alleges that Polaris violated the Colorado Consumer Protection Act by misrepresenting, in its advertisements, that Polaris invented the electronic fuel-injection system used in its snowmobiles.

■ In interpreting terms in an insurance policy, we apply ordinary and usual meanings unless the parties use some other meaning in the contract. *Dairyland Ins. Co.*

*v. Implement Dealers Ins. Co.,* 294 Minn. 236, 244–45, 199 N.W.2d 806, 811 (1972). The policy provides no definition of unfair competition. A public misrepresentation about a product's invention is within the ordinary and usual meaning of unfair competition. Consequently, the violation of the Colorado Consumer Protection Act arguably falls within the scope of the umbrella insurance policy's advertising-injury coverage for unfair competition arising out of advertising activities.

### III

The final element of advertising-injury coverage under the umbrella insurance policy is that none of the enumerated exclusions may apply. Because the district court granted summary judgment on the policy's definition of coverage, it did not reach the party's arguments on policy exclusions. A reviewing court generally considers only those issues presented to and decided by the trial court. *Thiele v. Stich,* 425 N.W.2d 580, 582 (Minn.1988). We remand to the district court for its consideration of whether a policy exclusion applies.

### DECISION

The district court erred when it determined both that Polaris' advertising activities did not actually cause the harm alleged by Injection Research Specialists' claim of violations under the Colorado Consumer Protection Act and that these claims did not arguably fall within the scope of Continental's advertising-injury coverage. Because the district court did not reach the issue of whether any policy exclusions apply to the claims, we remand this issue for consideration.

**Reversed and remanded.**