

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-1997

# Township of Center v. First Mercury

Precedential or Non-Precedential:

Docket 96-3290

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Township of Center v. First Mercury" (1997). *1997 Decisions*. Paper 139.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/139

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 26, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-3290

TOWNSHIP OF CENTER, BUTLER COUNTY,
PENNSYLVANIA; DEAN E. SCHWEINSBERG; and
DEBRA J. OESTERLING,

Appellants

v.

FIRST MERCURY SYNDICATE, INC.

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 95-cv-00837)

Argued January 28, 1997

Before: BECKER and ROTH, Circuit Judges and
ORLOFSKY,1 District Judge

(Opinion Filed June 26, 1997)

William D. Kemper, Esq. (Argued)
209 West Diamond Street
Butler, Pennsylvania 16001-5712

 Attorney for Appellants

_____

1. Honorable Stephen M. Orlofsky, United States District Judge for the
District of New Jersey, sitting by designation.

David P. Helwig, Esq. (Argued)
Sharlock, Repcheck & Mahler
600 Grant Street
3280 USX Tower
Pittsburgh, Pennsylvania 15219

 Attorney for Appellee

**OPINION OF THE COURT**

ROTH, Circuit Judge

This appeal is from the district court's granting of summary judgment in favor of defendant insurance company, First Mercury Syndicate, Inc. The issue before us is whether dismissed employees, who brought underlying wrongful discharge actions, are "insureds" within the meaning of a policy provision which excludes coverage for actions brought by "insureds against insureds." We conclude that the ex-employees are not "insureds" within the meaning of the policy exclusion. We will, therefore, reverse and remand this case to the district court to enter judgment in favor of the Township of Center and Township supervisors, Dean E. Schweinsberg and Debra J. Oesterling (Township).

**I. Facts**

On January 4, 1993, the Township dismissed three employees. These former employees filed suit in the United States District Court for the Western District of Pennsylvania, on December 10, 1993, against the Township, Schweinsberg and Oesterling. Schweinsberg and Oesterling were duly elected township supervisors and were serving in their capacities of elected supervisors at the time the dismissed employees filed the underlying lawsuits. The former employees alleged that their discharge violated their constitutional rights and the Age Discrimination in Employment Act and that it was a result of a common law conspiracy. One of the former employees also filed suit in state court, on January 13, 1993, alleging that he was

wrongfully discharged from employment in violation of state law.

At the time the employees were discharged, First Mercury was Township's errors and omissions insurer and provided the Township with its public officials' liability insurance policies. The relevant contracts of insurance have the effective date and policy periods of March 24, 1992, through March 23, 1993, and March 24, 1993, through March 23, 1994. Under the policies, the Township was the named insured. Schweinsberg and Oesterling were also "insureds." The relevant provisions of both policies are identical.

Township notified First Mercury of the wrongful discharge actions in a timely fashion and demanded defense and indemnity coverage under the policies. First Mercury issued a denial letter, declining to defend or indemnify the Township, Schweinsberg or Oesterling. In taking this position, First Mercury relied on Exclusion V of the policy, which excludes claims made by insureds against other insureds. The Township then brought this declaratory judgment action to determine coverage. The parties brought cross motions for summary judgment. The district court granted summary judgment in favor of First Mercury, declaring that First Mercury had no duty to defend or indemnify the Township or its supervisors in the underlying actions. The Township appealed.

**II. Discussion**

The district court had jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship. We have jurisdiction of the district court's final order pursuant to 28 U.S.C. § 1291. We "exercise[ ] plenary review of the district court's decisions resolving cross-motions for summary judgment." United Parcel Service, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local Union No. 430, 55 F.3d 138, 140 (3d Cir. 1995). Summary judgment is only appropriate when, after consideration of the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact remains in dispute and the moving party is entitled to

3

judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Fed. R. Civ. P. 56(c). In this appeal, the parties agree that there is no factual dispute. Rather, the question is whether the district court correctly interpreted the provisions of the contract. A district court's conclusion as to the legal operation of an insurance policy is a question of law subject to plenary review. Dickler v. CIGNA Property & Casualty Co., 957 F.2d 1088, 1094 (3d Cir. 1992).

The primary issue in this action is whether the "insured v. insured" exclusion should prevent coverage of a wrongful discharge action even though, when the claim was made, the discharged employees were no longer employed by the Township. The policy language relevant to the scope of coverage is as follows:

A. [I]f, during the "policy period," any "claim" or "claims" are first made against the "Insured" individually or collectively, for a "wrongful act," [First Mercury] will pay, on behalf of the "Insured," all "loss" which the "Insured" shall become legally obligated to pay as "damages" in accordance with the terms of this policy . . . .

The policy contains the following exclusionary language:

WE SHALL NOT BE LIABLE TO MAKE ANY PAYMENT FOR "LOSS" IN CONNECTION WITH ANY "CLAIM" OR "CLAIMS" MADE AGAINST THE "INSURED" BASED UPON OR ATTRIBUTABLE TO:

V. Any claims by the "governmental entity" against an "insured" or claims by an "insured" against another "insured."

First Mercury contends that the ex-employee/plaintiff's in the underlying actions are "insureds" within the meaning of the "insured v. insured exclusion." Therefore, because the underlying suits were brought by insureds, discharged employees, against other insureds, the Township and the supervisors, First Mercury argues that Exclusion V precludes coverage.

"Insureds" is defined in the policies as follows:

4

A. [A]ll persons acting within the scope of their official duties who were, now are or shall be lawfully elected or lawfully appointed officials and members of the "Governmental Entity"

It is the Township's position that the Plaintiffs in the underlying actions are <u>not</u> insureds within the policy definition because at the time the claims were made they were no longer employees of the Township.2

Under Pennsylvania law, exclusions from an insurance policy must be clearly worded and conspicuously displayed. <u>Pacific Indemnity Co. v. Linn</u>, 766 F.2d 754 (3d Cir. 1985). Furthermore, the policy must unequivocally indicate coverage or non-coverage. <u>Lucker Manufacturing v. Home Ins. Co.</u>, 23 F.3d 808, 814 (3d Cir. 1994) (citing <u>Hartford Mutual Ins. Co. v. Moorhead</u>, 396 Pa. Super. 234, 578 A.2d 492, 503 (1990)). The district court determined that the "insured v. insured" exclusion was unambiguous, "explicitly exclud[ing] coverage for claims brought by `insureds' against other `insureds,' " and defining" `insureds' to include elected and appointed officials as well as employees." The court also decided that the relevant time period for determining the applicability of the exclusionary clause was the point when the alleged wrongful acts of the Township defendants occurred, not when the claims against them were made. Thus, the court concluded, because the ex-employee/plaintiffs were "employees" at the time of the alleged wrongful acts, they were "insureds" within the meaning of the policy and excluded from coverage. We must decide whether the status of "insureds" under the contract is determined at the time the claims were made or at the time of the alleged wrongful acts.

The policies in question are "claims made" policies. The policies state:

EXCEPT TO SUCH EXTENT AS MAY OTHERWISE BE PROVIDED HEREIN, THE COVERAGE OF THIS POLICY IS LIMITED TO LIABILITY FOR ONLY THOSE

_____

2. The appellants further argue that the First Mercury contracts are riddled with ambiguities. In view of our decision to reverse the judgment of the district court, we do not need to address the ambiguity issue.

5

"CLAIMS" THAT ARE FIRST MADE AGAINST THE INSURED AND REPORTED TO THE COMPANY WHILE THE POLICY IS IN FORCE.

A "claims made" policy, as opposed to an "occurrence" policy, protects the policy holder against claims made during the life of the policy, rather than against "occurrences" which happen during the policy period and for which claims may arise later. Bolden v. Niagra Fire Ins. Co., 814 F. Supp. 444 (E.D. Pa. 1993). Therefore, a "claims made" policy provides coverage for a wrongful act regardless of when it took place, as long as a claim is made during the relevant policy period.3

Both the district court and First Mercury rely on City of Harrisburg v. International Surplus Lines Insurance Inc., 596 F. Supp. 954, 959 (M.D. Pa. 1984), aff'd mem. 770 F.2d 1067 (3d Cir. 1985), to support the proposition that for both "claims made" and "occurrence" policies, the relevant time for determining a person's status as an insured is when the alleged wrongful conduct took place, not when the claim is made. In City of Harrisburg, the district court held that the mayor of Harrisburg was not covered under a public officials' liability policy because, at the time of the mayor's allegedly wrongful conduct, he was the mayor-elect and had no official public duties or responsibilities. Therefore, the court concluded, he was not yet a public official or employee of Harrisburg and consequently not an "insured" under the policy.

We find City of Harrisburg to be distinguishable from the case at bar. In City of Harrisburg, the issue was whether the wrongful act was committed by a person covered by the policy. The policy defined wrongful act as "any actual or alleged error or misstatement or misleading statement or act of omission or neglect . . . by an insured, as a public official." The court interpreted this language to indicate that for coverage under the policy to be triggered, the wrongful

_____

3. We note that many claims-made policies include a provision negating or restricting coverage for events which occurred prior to the policy period. The instant policies, however, are "pure" claims-made policies, providing complete retroactive coverage save one minor exception not relevant to this case.

act must have been committed by a then-insured public official. In the case at bar, however, the crucial question is not whether the wrongful act was committed by a "then-insured" official. The issue here is whether it is determinative for coverage that the person, who suffered the injury from the alleged wrongful act, was also covered by the policy at the time of the wrongful act.

We conclude, because the policy here is a "claims made" policy, that the determination of the status of the injured party in the "insured v. insured" context must be made as of the time that the claim is made. This result is consistent with the language of the policy. Under the policy, First Mercury was liable for any claims made during the policy period for wrongful acts which occurred even before it was on the risk. Accordingly, it is irrelevant whether the Township or the plaintiffs were insureds of First Mercury at the time of the wrongful act. The focus is whether the plaintiffs were insureds at the time the claim was made. This conclusion is supported by the purpose behind claims-made policies, which, as previously noted, is to insure against a claim, rather than against an occurrence.

This conclusion finds further support in the policy underlying the "insured v. insured" exclusion. The primary focus of the exclusion is to prevent collusive suits in which an insured company might seek to force its insurer to pay for the poor business decisions of its officers or managers. The exclusion arose from a wave of litigation in the mid-1980's when corporations attempted to use their Director and Officer policies to recoup operational losses. BARRY R. OSTRAGER, THOMAS R. NEWMAN, HANDBOOK ON INSURANCE COVERAGE DISPUTES § 20.02(g) at 778 (7th ed. 1994). Where, however, it is clear that the underlying action is not collusive, the exclusion has not precluded coverage. See, e.g., Fidelity and Deposit Co. of Maryland v. Zandstra, 756 F. Supp. 429, 432 (N.D. Cal. 1990); Conklin, Inc. v. Nat'l Union Fire Ins. Co., No. 4-86-680, 1987 WL 108957, at *6 (D. Minn. Jan. 28, 1987) (the endorsement is not designed to exclude wrongful discharge suits, but rather is "intended to prevent collusive or friendly lawsuits, where, for example, the insured company sues its directors or officers for their wrongful acts"); American Cas. Co. v. FDIC , No. 86-4018,

7

1990 WL 66505, at *41 (N.D. Iowa Feb. 26, 1990) (the purpose "intended to be served by the insured v. insured exclusion" is to exclude coverage for "internecine warfare and collusive suits among officers and directors"). Thus, because the focus is on the nature of the underlying suit, the relevant time period for determining the status of the insured for purposes of the exclusion should be when the claim is made.

Here, there is no contention that the underlying actions are collusive. Moreover, the discharged employees are not seeking coverage under the policy. When the underlying actions were brought against the Township, and hence by the time the claims were made, the plaintiffs were no longer employed by it. It is difficult to imagine a circumstance, short of a conspiracy to defraud, in which a wrongful discharge suit, brought by a former employee, could be perceived as constituting a collusive act. We conclude, therefore, that under the facts of this case the ex-employees/plaintiffs are not insureds within the meaning of the policies' exclusion.4

## III. Conclusion

Because none of the ex-employee/plaintiffs in the underlying action were employed by the Township at time the claims were made, First Mercury's "insured v. insured" exclusion does not apply. The district court's judgment in favor of First Mercury is reversed, its order dated April 15, 1996, is vacated, and the case is remanded to the district court to grant judgment in favor of the Township of Center and the Township Supervisors, Dean E. Schweinsberg and Debra Oesterling. Costs are to be taxed against appellee.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

_____

4. In coming to this conclusion, we do not intend in any way to modify the definitions of "insured" which appear in the policy provisions other than in the "insured v. insured" exclusion.

8