**CONTINENTAL INSURANCE CO.**

v.

**Stewart A. DAVIS, et al.**

**No. Civ.A. 98–2580.**

United States District Court, E.D. Pennsylvania.

May 10, 1999.

---

Timothy Costello, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for Plaintiff.

Jeffrey R. Sommer, Buckley, Nagle, Gentry, Brion, McGuire and Morris, West Chester, PA, Mark K. Altemose, Allentown, PA, Paul A. McGinley, Sara J. Hogan, Gross, McGinley, LaBarre & Eaton, Allentown, PA, Bernard C. Caputo, John A. Caputo and Associates, Pittsburgh, PA, Edward B. McDaid, Shrager, McDaid, Loftus, Flum & Spivey, Philadelphia, PA, for Defendants.

## ORDER

O'NEILL, District Judge.

Plaintiff Continental Insurance Company brings this action for declaratory judgment pursuant to 28 U.S.C. § 2201 to determine a question in actual controversy between the parties.[1]  More specifically,

---

1.  The defendants in this action are Stewart A. Davis and Nancy L. Davis, individually and as administrators of the Estate of Brian Davis; Matthew Nelson; Patti L. Werst, administratrix of the Estate of Jacob S. Kerchner; Nancy L. Scholz and Harold M. Scholz, adminis-

plaintiff seeks a declaration that it has no duty under an insurance policy issued to Stewart and Nancy Davis to defend or indemnify the estate of their son, Brian Davis, for liability arising out of an automobile accident that occurred on April 25, 1997.

I have jurisdiction pursuant to 28 U.S.C. § 1332. Now before me are plaintiff's motion for summary judgment, defendants' motions for summary judgment, and the responses thereto. For the following reasons I will deny plaintiff's motion and grant those filed by defendants. A declaratory judgment stating that plaintiff has a duty to defend and indemnify the estate of Brian Davis for liability arising out of the April 1997 automobile accident will be entered for defendants and against plaintiff.

## I.

The facts of this case are not in dispute. On April 25, 1997, Brian Davis was involved in an automobile accident while driving a 1989 Mazda MX–6 which was owned by him and insured under a policy issued to him by Progressive Insurance Company. This accident caused the deaths of Brian Davis, Jacob S. Kerchner, Jocelyn Scholz, and Julie Searfoss and caused serious bodily injuries to Matthew Nelson.

At the time of the accident, Brain Davis lived with his parents, Stewart and Nancy Davis. Brian Davis did not have a checking account so Stewart Davis had advanced the funds for his son's purchase of the Mazda MX–6 in September 1995. He also obtained a car loan from First Union to help finance that purchase because the bank would not issue a loan to Brian. In addition, Stewart Davis used his personal checking account to make the insurance premium payments on behalf of his son and the car loan payments for which he himself was legally responsible. Brian

Davis reimbursed his father for these expenses.

Stewart and Nancy Davis would occasionally operate the Mazda, primarily to move it in and out of the driveway. Stewart Davis also helped his son work on the vehicle on several occasions and would sometimes drive the Mazda for pleasure.

Prior to the accident Stewart and Nancy Davis had purchased primary motor vehicle liability coverage and optional excess liability coverage as part of a comprehensive insurance policy from plaintiff. It is undisputed that the primary motor vehicle liability endorsement of that policy does not provide coverage for Brian Davis with regard to the Mazda MX–6. That automobile was not listed as a covered vehicle in the primary motor vehicle liability endorsement.

It is also undisputed that, as a family member of the named insureds, Brain Davis was a "covered person" under the optional excess liability endorsement. However, in paragraph 12 the endorsement excludes from coverage any bodily injury or property damage resulting from the use of any motor vehicle other than, among others, "a motor vehicle [the named insureds] maintain or use which is owned by a family member and not shown in the Coverage Summary." In addition, paragraph 20 excludes from coverage

Liability of:

   a.  anyone; or

   b.  anyone while maintaining or using vehicles;

   c.  arising out of property;

excluded from coverage by endorsement(s) attached to this policy or to an underlying policy.

## II.

Summary judgment is appropriate "if the pleadings, depositions, answers to in-

trators of the Estate of Jocelyn Scholz; and Sharon Renee Searfoss and Gregory Searfoss,

administrators of the Estate of Julie Searfoss.

terrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The party moving for summary judgement must state the basis for its motion and identify those portions of the record which it believes indicate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the moving party does not bear the burden of persuasion at trial, it may properly support its motion merely by showing that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S.Ct. 2548.

In response to a properly supported motion for summary judgment, the non-moving party must point to specific facts demonstrating that a genuine issue for trial exists. Fed.R.Civ.P. 56(e). It may not rest upon unsupported allegations or denials. *Id.; Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In order to demonstrate the existence of a genuine issue of material fact, the non-moving party must raise more than a "mere scintilla of evidence;" it must produce evidence on which a jury could reasonably find in its favor. *Id.* at 248, 252, 106 S.Ct. 2505.

When considering a motion for summary judgment, a court must draw all reasonable inferences in the light most favorable to the non-moving party. *Id.* at 255, 106 S.Ct. 2505. Moreover, a court may not consider the credibility or weight of the evidence in making its determination. *Id.*

The parties to this action cross-moved for summary judgment; no genuine issues of material fact exist, and I will decide the issues as a matter of law.

### III.

As stated earlier, the facts of this matter are not in dispute. At issue between the parties is the effect of the exclusionary provisions listed in the optional excess liability endorsement. Plaintiff contends that both provisions exclude from coverage any liability incurred by Brian Davis as the driver of the Mazda MX–6. Defendants argue that these provisions do not exclude such liability from coverage or, in the alternative, that the language of these provisions is so ambiguous that it should be construed in favor of coverage.

■ Under Pennsylvania law, "the task of interpreting a contract is generally performed by a court rather than by a jury." *Standard Venetian Blind Co. v. American Empire Ins. Co.*, 503 Pa. 300, 469 A.2d 563, 566 (1983). A court must ascertain and then give effect to the intent of the parties. *Id.* "Exclusions from an insurance policy must be clearly worded and conspicuously displayed." *Township of Center, Butler County, Pa. v. First Mercury Syndicate, Inc.*, 117 F.3d 115, 117 (3d Cir.1997). "Furthermore, the policy must unequivocally indicate coverage or non-coverage." *Id.* If a policy provision is ambiguous, it will be construed in favor of the insured and against the insurer. *Standard Venetian Blind Co.*, 469 A.2d at 566. The burden of proving the applicability of a particular exclusion rests with the insurance carrier. *Allstate Ins. Co. v. Davis*, 977 F.Supp. 705, 711 (E.D.Pa.1997); *Wexler Knitting Mills v. Atlantic Mutual Ins. Co.*, 382 Pa.Super. 405, 555 A.2d 903, 905 (1989).

After consideration of both parties' filings I find that the optional excess liability endorsement provides coverage for liability incurred by Brian Davis as the driver of the Mazda MX–6. Brian Davis is a covered person under the endorsement and neither of the exclusionary provisions relied on by plaintiff excludes such liability from coverage.

■ Paragraph 12 of the endorsement provides various exceptions to its exclusion of coverage for bodily injury or property damage arising from the use of any motor

vehicle. One of these exceptions applies to a motor vehicle the insureds "maintain or use" which is owned by a family member and not shown in the Coverage Summary. The terms "use" and "maintain" are not defined in the endorsement or in the underlying policy. Moreover, in other subsections of paragraph 12, the term "use" is preceded by the term "regular". The omission of that term here must therefore be interpreted as showing an intent to extend coverage beyond those vehicles which the insureds regularly or habitually use.

It is undisputed that Stewart Davis advanced funds for the car's purchase and maintenance, helped to perform actual maintenance and repairs on the car itself, and drove the car for pleasure on several occasions. In addition, he alone was legally responsible for repaying the car loan obtained from First Union. These actions clearly comport with the plain and ordinary meaning of the words "use or maintain". Accordingly, I find that the Mazda MX–6 was a vehicle the named insureds used and maintained and thus not excluded from coverage by paragraph 12.

■ Paragraph 20 excludes the liability of "anyone while maintaining or using vehicles ... excluded from coverage by endorsement(s) attached to this policy or to an underlying policy." Since the Mazda MX–6 was not covered under the primary motor vehicle liability endorsement, plaintiff contends that any liability incurred by Brian Davis as the driver of that vehicle is excluded from coverage.

Read separately from the endorsement as a whole, the language of this provision appears clear. However, to give this language its plain and ordinary meaning would contradict other endorsement provisions. For example, the previously discussed exception for motor vehicles the insureds "maintain or use" which are owned by a family member and not shown in the Coverage Summary extends coverage where paragraph 20 expressly excludes it. I have already found that the

Mazda MX–6 was a vehicle the named insureds used and maintained and thus *not* excluded from coverage by paragraph 12. Yet, according to plaintiff, because that vehicle is not listed as a covered vehicle under the primary motor vehicle liability endorsement any liability arising from its use or maintenance would be excluded by paragraph 20. Plaintiff appears unaware of the contradiction. In its reply brief it states that this exception for motor vehicles used or maintained by the insureds is intended "to provide coverage to the named insureds ... for liability arising out of an automobile they maintain or use (regardless of whether it is listed as a covered vehicle)." However, any vehicle not listed as a covered vehicle would, by definition, be a vehicle excluded from coverage by the attached primary motor vehicle liability endorsement.

The plain meaning of these provisions cannot be reconciled. Since any exclusion that attempts to limit or contradict coverage afforded the insured in a prior provision creates an ambiguity which must be construed in favor of coverage, *see Fed. Ins.Co. v. General Machine Corp.,* 699 F.Supp. 490, 496 (E.D.Pa.1988), I find that the exclusionary language of paragraph 20 is ambiguous and thus construe it so as to allow coverage for Brian Davis as driver of the Mazda MX–6.

AND NOW, this 10 day of May, 1999, upon consideration of the parties' motions for summary judgment and the responses thereto, it is hereby ORDERED that defendants' motions are GRANTED. Judgment is entered in favor of defendants and against plaintiff.