**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 08-3940, 08-4083
_____

FOODTOWN INC.; GERRY NORKUS; JOSEPH AZZOLINA, SR.;
RONALD DICKERSON; VICTOR LARACCA; PETER LAVOY;
EDWARD PACZKOWSKI; JACK PYTLUK; MICHAEL ZIMMERMAN;
STEVEN BOKSER; SYDNEY KATZ; DAVID MANIACI;
ESTATE OF WILLIAM MICHAS

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

National Union Fire Insurance Co.,
Appellant in No. 08-3940
Foodtown, Inc., et al.,
Appellants in No. 08-4083
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-05-cv-03627)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2010

Before:   BARRY, CHAGARES, and VANASKIE, <u>Circuit</u> <u>Judges</u>.

(Filed: January 6, 2011)
_____

OPINION OF THE COURT
_____

VANASKIE, Circuit Judge.

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") and its insureds, plaintiff Foodtown, Inc. and the individual plaintiffs (collectively "Foodtown"), have appealed the District Court's insurance coverage decisions issued on cross-motions for summary judgment. National Union has also appealed the District Court's award of counsel fees to Foodtown. For the reasons that follow, we will affirm the District Court's rulings in their entirety.

I.

As we write solely for the parties, who are familiar with this case, we set forth only the facts and procedural history essential to our analysis. Foodtown is a closely-held grocery cooperative whose members operate supermarkets in New Jersey and New York. Foodtown obtained "Directors and Officers Corporate Liability Insurance" from National Union. The insurance policy provides Foodtown and its directors and officers with costs of defense and indemnification protection for covered claims.

In 2004, Food King, Inc., a member of Foodtown, brought an action against, among others, Foodtown and members of Foodtown's Board of Directors (the "Food King action"). National Union rejected Foodtown's demand for coverage for the Food King action, asserting that Food King's claims were not covered by the policy.

In May of 2005, Foodtown and members of its Board of Directors initiated this insurance coverage litigation in the Superior Court of New Jersey, Chancery Division, Middlesex County. National Union timely removed the action to federal court on the basis of diversity jurisdiction. Following discovery, both National Union and Foodtown

2

moved for summary judgment. In an opinion filed August 20, 2008, the District Court found that two of the four discrete claims asserted in the Food King action against Foodtown were covered by National Union's policy. Specifically, the District Court ruled that Counts Two and Four of Food King's Second Amended Complaint presented claims falling squarely within National Union's policy, but that Count One was not covered by virtue of the policy's "Organization vs. Insured" exclusion, and Count Three was barred by a "specific entity exclusion" set forth in an endorsement to the policy. The District Court also ruled that the National Union policy did not impose on National Union a duty to defend Foodtown in the Food King action. Finally, the District Court held that, pursuant to New Jersey Court Rule 4:42-9(a)(6), Foodtown was entitled to recover the attorney's fees it incurred in this coverage litigation. National Union's appeal and Foodtown's cross-appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review a district court's rulings on a summary judgment motion de novo, applying the same standard that governed the district court's decision. See Massie v. U.S. Dep't of Hous. and Urban Dev., 620 F.3d 340, 347 (3d Cir. 2010). Summary judgment is warranted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this action brought in federal court in New Jersey on the basis of diversity jurisdiction, New Jersey state law supplies the substantive legal principles against which a party's entitlement to a

judgment in its favor must be assessed.  See Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1373 n.15 (3d Cir. 1996).

Under New Jersey law, a clear and unambiguous insurance policy provision is to be enforced according to its plain and ordinary meaning.  See Voorhees v. Preferred Mut. Ins. Co., 607 A.2d 1255, 1260 (N.J. 1992).  If, however, a policy provision is ambiguous, i.e., capable of "support[ing] two meanings, one favorable to the insurer, and the other favorable to the insured, the interpretation sustaining coverage must be applied." Mazzilli v. Accident & Cas. Ins. Co. of Winterthur, Switz., 170 A.2d 800, 803 (N.J. 1961).

With these precepts in mind, we will address the District Court's coverage rulings, discussing first the findings adverse to National Union and then the decisions adverse to Foodtown.  We will then address the award of counsel fees to Foodtown.[1]

### III.

### A.

National Union appeals the District Court's finding that Count Two of Food King's Second Amended Complaint is not excluded from policy coverage.  Count Two is labeled "Breach of Fiduciary Duty."  Food King alleges that Foodtown Board members breached duties of loyalty, good faith and fair dealing in connection with Food King's attempt to exercise a right of first refusal for the purchase of another member's store and

---

[1] Foodtown's cross-appeal does not challenge the District Court's finding that the National Union policy does not impose on National Union a duty to defend Foodtown in the Food King action.  Accordingly, that aspect of the District Court's ruling will not be addressed.

4

the failure to assign to Food King a right of first refusal when that member elected to sell its shares in Foodtown. Specifically, Food King asserts that Foodtown by-laws gave Foodtown a right of first refusal when a member enters into an agreement to sell its Foodtown stock or any of its stores, and that the right of first refusal is assignable to any member in the event that the Foodtown Board elects not to exercise it. Food King further alleges that Foodtown and its Board members interfered with Food King's attempt to exercise the right of first refusal when a Foodtown member, Manyfoods, Inc., sought to sell its store in Cedar Knolls, New Jersey. Food King alleges that after that deal fell through, the Foodtown Board wrongfully refused to accord Food King the right of first refusal with respect to the sale of a controlling interest in Manyfoods.

National Union argues that because it is Foodtown that holds the right of first refusal, Food King's breach of fiduciary duty claim is actually a disguised derivative claim seeking redress for injury to the cooperative. Derivative claims are generally precluded from coverage under Section 4(f) of Foodtown's policy, which, in pertinent part, states:

> The Insurer shall not be liable to make any payment for Loss in connection with a Claim made against an Insured: . . . (f) which is brought by or on behalf of the Organization against any Individual Insured[.]

(A. 74-75a.) National Union contends that Food King's claim was actually brought "by or on behalf of the Organization" (Foodtown) against an "Individual Insured" (its directors and officers). National Union offers as evidence the Foodtown by-laws, which provide, in Article IV, Section 6, that the right of first refusal is vested in Foodtown, and can be transferred to any member if Foodtown does not choose to exercise the right on its

5

own behalf within a limited period of time. National Union argues that the purpose of the right of first refusal is to keep the cooperative strong by restricting entry, not to inure to the benefit of individual Foodtown members.

The District Court correctly found that Count Two does not present a disguised derivative claim. It alleges an actual breach of fiduciary duty by Foodtown's directors in relation to Food King's putative right of first refusal. (A. 147a-148a.) As the District Court recognized, Food King was not seeking to redress harm sustained by Foodtown; Food King asserted a discrete and particularized injury to itself due to its inability to exercise a right of first refusal. Thus, National Union's argument that coverage is excluded by Section 4(f) is unavailing.

National Union also claims that the District Court erred in failing to find that Section 4(k) of the insurance policy barred coverage of Count Two because it was based on a contract with an Individual Insured. Section 4(k) provides:

> The Insurer shall not be liable to make any payment for Loss in connection with a Claim made against an Insured: . . . (k) alleging, arising out of, based upon or attributable to any actual or alleged contractual liability of an Insured under any express contract or agreement; provided, however, that this exclusion shall not apply to liability which would have attached in the absence of such express contract or agreement[.]

(A. 74-75a.) National Union contends that Count Two arises out of an alleged contractual agreement with William Michas, then President of Manyfoods, who qualified as an Insured under the National Union policy by virtue of his status as a past director of Foodtown. Specifically, National Union points to the fact that Food King asserts that it had exercised the right of first refusal by entering into an agreement with Michas, as

6

President of Manyfoods, to purchase Manyfoods' Cedar Knolls store on the same terms and conditions that Manyfoods had negotiated to sell the store to a non-Foodtown entity, but that the Foodtown Board members allowed Manyfoods to renege on its deal with Food King and to violate the Foodtown by-laws by presenting a different agreement for the sale of the store in question to a non-Foodtown entity. According to National Union, these averments are sufficient to trigger the contractual liability exclusion because, without the agreement between Food King and Manyfoods by its President, an Insured under the National Union policy, there would be no Count Two.

As the District Court correctly pointed out, however, the plain language of the policy provides an exception from coverage only for claims "alleging, arising out of, based upon or attributable to an alleged or actual contractual <u>liability</u> of an Insured." (A. 75a (emphasis added).) In this case, Count Two does not allege or arise out of the contractual liability of an insured entity or individual. Nor is Count Two based upon or attributable to the contractual liability of an insured entity or individual. Instead, Count Two arises out of the fiduciary duties of the Foodtown Board members in relation to Food King's alleged exercise of a right of first refusal. The fact that the alleged breach of fiduciary duties occurred in the context of an alleged agreement entered into by an Insured in his capacity as the President of a Foodtown member simply does not invoke the contractual liability exclusion. Furthermore, National Union has not shown that Michas, the asserted insured individual, could have any personal liability for the breach of the alleged agreement between Food King and Manyfoods. Accordingly, Count Two

7

of the Food King Second Amended Complaint does not fall within the Section 4(k) exclusion.

B.

National Union also appeals the District Court's finding that Count Four of Food King's Second Amended Complaint is not excluded from policy coverage. Count Four alleges numerous instances of misconduct by Foodtown's Board of Directors, and is captioned "Intentional Misrepresentation." Food King asserts the following claims: (1) Foodtown's Board unfairly allocated costs among its members for the shared management of its insurance premium; (2) Foodtown's Board unfairly allocated advertising costs among its members; (3) Foodtown's Board failed to consistently collect a "short notice compensatory withdrawal fee," as required by its by-laws; (4) Foodtown's Board failed to require collateral from some members who owed debts to it; (5) Foodtown's Board failed to enact an ethics policy for its employees, officers and directors, and refused to obtain financial disclosure and conflict of interest forms from these individuals; (6) Foodtown's Board failed to pay "patronage dividends" on a uniform pro rata basis; and (7) Foodtown's members were fraudulently reporting the number of coupons which they were delivering to customers. Food King sought reimbursement to Foodtown for these discrepancies.

National Union asserts that the policy's "Organization vs. Insured" exclusion found in Section 4(f) bars coverage of Count Four. It cites State Bd. of Admin. v. Cendant Corp., No. 98-4385, 2003 U.S. Dist. LEXIS 14333, at *7-8 (D.N.J. Aug. 19, 2003), which states that "[c]laims of breach of fiduciary duty on the part of corporate

8

directors will generally be regarded as derivative claims unless the injury to the plaintiff's shares is distinct from the injury to other shares, or where the breach of duty ca[u]ses a special injury." Id. (internal quotation marks omitted). This difference, although fine, is not predicated on the type of relief sought – as National Union claims – but, rather, on the type of injury suffered. See Strasenburgh v. Straubmuller, 683 A.2d 818, 830 (N.J. 1996).

The District Court correctly found that the injuries alleged by Food King were based on "disparate treatment, [which,] although affecting a large number of shareholders, constitutes a discrete and particularized injury to the members 'subsidizing' the favored members, not the shareholders as a class or the organization itself." (A. 16a.) Food King, as one of the disfavored shareholders, asserted a direct injury, and its claims in count four are not derivative in nature. Thus, Count Four of the Food King Second Amended Complaint is not precluded from coverage under Section 4(f) of the policy and its "Organization vs. Insured" provision.

C.

Foodtown cross-appeals from the District Court's grant of summary judgment to National Union on the first count of Food King's Second Amended Complaint. Count One alleges that the Foodtown Board of Directors, Gerald Norkus and Norkus Enterprises have misused Foodtown trade names and service marks.[2]

The District Court awarded summary judgment to National Union on Count One on the ground that it asserted a derivative claim brought by or on behalf of the

---

[2] The claims against Gerald Norkus and Norkus Enterprises are not at issue here.

Organization against an Individual Insured. Foodtown argues that Count One falls within the exception to the exclusion in Section 4(f) for "any derivative Claim made on behalf of the Organization by a member . . . if such action is brought and maintained independently of and without the solicitation of or assistance of, or active participation of or intervention of any Individual Insured." (A. 75a.) Foodtown contends that Count One was brought independently and without the participation of any Individual Insured. National Union responds by asserting that Ronald Ginsberg, the President of Food King who actively participated in the litigation against Foodtown, is an "Individual Insured" under the National Union policy by virtue of the fact that he had been President of Foodtown until 2000 and served on its Board of Directors until 2003. National Union's argument is based upon the fact that the policy defines "Individual Insured" as "a past, present or future duly elected or appointed director [or] officer . . . of [Foodtown]." (A. 71a (emphasis added).) Thus, according to National Union, coverage is precluded by the fact that Count One was brought with the active participation of an "Individual Insured," Mr. Ginsberg.

Foodtown contends that Mr. Ginsberg's prior status is irrelevant. According to Foodtown, what matters is the fact that he was not an officer or director at the time the Food King action was brought. Foodtown cites Township of Center v. First Mercury Syndicate, Inc., 117 F.3d 115 (3d Cir. 1997), for the proposition that the status of an Individual Insured at the time the claim is made, not at the time of the underlying occurrence, determines whether Section 4(f) applies.

Township of Center is not controlling here. First, it was decided under Pennsylvania law, and Foodtown has not cited any New Jersey precedent that has applied it. More importantly, Township of Center involved different policy language. In this case, the National Union policy defines an "Individual Insured" as "a past . . . director [or] officer," which undeniably includes Mr. Ginsberg. (A. 71a.) There is no need to consider the rationale for the provision at issue in this case, as Foodtown suggests, because its language is plain. See Villa v. Short, 947 A.2d 1217, 1222 (N.J. 2008) (construing policies in accordance with their plain meaning). As the District Court correctly concluded, Mr. Ginsberg's active participation in the Food King action "takes Count One out of [the] realm of the second clause in exclusion 4(f) and subjects it to the first clause, which bars such actions from coverage." (A. 11a.) Accordingly, Count One of the Food King Second Amended Complaint is precluded from coverage under Section 4(f) of the policy and its "Organization vs. Insured" provision.

D.

Foodtown appeals the District Court's finding that Count Three of Food King's Second Amended Complaint is excluded from coverage under the policy. Count Three alleges that Foodtown failed to properly allocate payments connected with a settlement intended to resolve issues presented during the bankruptcy proceedings of Twin County Grocers, an independent grocers' cooperative that included Class A shareholders of Foodtown. The District Court found that Endorsement No. 6 of the policy applied to exclude coverage for Count Three. Endorsement No. 6 provides:

11

> [I]t is hereby understood and agreed that the Insurer shall not be liable for any Loss in connection with any Claim(s) brought against the following entity(ies): 1. TWIN COUNTY GROCERS (including any subsidiary or affiliate thereof) and/or any director, officer, trustee, trustee emeritus, executive director, department head, committee member, staff or faculty member, employee or volunteer thereof.

(A. 105a (emphasis added).) Foodtown argues that Count Three of the Food King Second Amended Complaint was not "brought against" Twin County Grocers, but rather, sought a fair allocation of the debt incurred to settle a claim that Twin County Grocers had brought against Foodtown and members of its Board of Directors. The District Court stated that "[t]he resolutions, the settlement, and the resulting allocation all arose out of the bankruptcy trustee's claim against Twin County Grocers," (A. 14a), but the claims were brought against the directors and officers of Twin County Grocers, rather than the entity itself. The plain language of the policy indicates that it extends to a "Loss in connection with any Claim(s)" brought against directors and officers of Twin County Grocers. Count Three seeks precisely this sort of recovery. Accordingly, Count Three of the Food King Second Amended Complaint is precluded from coverage under Endorsement No. 6 to the policy.[3]

## IV.

National Union also appeals the District Court's award of attorneys' fees to Foodtown. We review an award of attorneys' fees to a prevailing party for an abuse of discretion. See Bd. of Trs. of Trucking Emps. of North Jersey Welfare Fund, Inc. – Pension Fund v. Centra, 983 F.2d 495, 508 (3d Cir. 1992). Where the question involves

---

[3] We therefore do not reach National Union's argument that it should also be precluded under Section 4(e) of the policy.

12

whether the District Court applied the correct standard, however, our review is plenary.

Id.

New Jersey Rule of Court 4:42-9(a) provides, in relevant part, that "[n]o fee for legal services shall be allowed in the taxed costs or otherwise, except . . . (6) [i]n an action upon a liability or indemnity policy of insurance, in favor of a successful claimant." N.J. R. Ct. 4:42-9(a) (emphasis in original). In this case, there is no question that Foodtown is a "successful claimant" in "an action upon a liability or indemnity policy." It has obtained favorable coverage rulings such that an award of fees may be made under New Jersey Rule of Court 4:42-9(a)(6). See Guarantee Ins. Co. v. Saltman, 526 A.2d 731, 735-36 (N.J. Super. Ct. App. Div. 1987). Moreover, and contrary to National Union's contention, we discern no abuse of discretion in the District Court's decision to award all fees incurred by Foodtown in pursuing its coverage claims. Accordingly, we will affirm the attorneys' fee award in this case.

## V.

For the foregoing reasons, we will affirm the judgment of the District Court.