

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2002

# Green Machine Corp v. Zurich Amer Ins Grp

Precedential or Non-Precedential: Precedential

Docket No. 01-3635

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

## Recommended Citation

"Green Machine Corp v. Zurich Amer Ins Grp" (2002). *2002 Decisions.* Paper 802.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/802

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed December 20, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3635

GREEN MACHINE CORPORATION,
Appellant

v.

THE ZURICH-AMERICAN INSURANCE GROUP, as
succeessor to THE MARYLAND COMMERCIAL
INSURANCE GROUP; VALIANT INSURANCE COMPANY

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 99-cv-03048)
District Judge: Honorable Mary A. McLaughlin

Argued November 4, 2002

Before: BECKER, Chief Judge, McKEE and Hill*,
Circuit Judges.

(Filed: December 20, 2002)

_____

* Honorable James Hill, United States Circuit Judge for the Eleventh
Circuit, sitting by designation.


JOSEPH E. VAUGHAN, ESQ.
 (Argued)
JUSTIN S. WALKER, ESQ.
Vaughan, Duffy & Connors, LLP
102 Pickering Way
Suite 200
Exton, PA 19341

Attorney for Appellant

R. BRUCE MORRISON (Argued)
DANIEL G. SANDERS
Marshall, Dennehey, Warner,
 Coleman & Goggin
1845 Walnut Street
16th Floor
Philadelphia, PA 19103

WALTER F. KAWALEC, III
Marshall, Dennehey, Warner,
 Colemen & Goggin
200 Lake Drive East
Woodland Falls Corporate Park

Suite 300
Cherry Hill, NJ 08002

Attorneys for the Appellees, The
Zurich American Insurance Company
and Valiant Insurance Company

LAURA A. FOGGAN, ESQ.
JOHN C. YANG, ESQ.
Wiley Rein & Fielding LLP
1776 K Street, NW
Washington, DC 20006

Attorneys for Amicus Curiae,
Complex Insurance Claims Litigation
Association

2

OPINION OF THE COURT

HILL, Circuit Judge.

Green Machine Corporation appeals the entry of
summary judgment against it on the issue of Zurich-
American Insurance Group's duty to defend and indemnify
it in an underlying patent infringement action. For the
following reasons, we affirm.

I.

In 1995, Chiuminatta Concrete Concepts, Inc. and its
principals ("Chiuminatta") filed suit in a California federal
district court against Green Machine Corporation ("Green
Machine") and others.  Among other things, Chiuminatta
alleged that Green Machine's manufacture, sale and
promotion of certain concrete-cutting saws infringed and
induced others to infringe Chiuminatta's products and
methods patents. In November of 1996, the California
district court entered judgment for Chiuminatta, and Green
Machine appealed.

In July of 1997, Green Machine sought insurance
coverage for Chiuminatta's patent infringement claims
under a policy of general liability insurance issued to Green
Machine by Zurich-American Insurance Group ("Zurich").
Green Machine maintained that Chiuminatta's claims fell
within the "advertising injury" coverage provided by
Zurich's policy. Zurich denied Green Machine's request for
coverage in June of 1998.

Shortly thereafter, the Court of Appeals for the Federal
Circuit reversed the district court's judgment as to the
product patent, holding that Green Machine's manufacture,
sale, and use of its concrete-cutting saw did not infringe
the product patents of Chiuminatta. See Chiuminatta
Concrete Concepts, Inc. v. Cardinal Industries, Inc. , 145 F.3d
1303 (Fed. Cir. 1998). The Federal Circuit, however,
affirmed the district court's judgment that Green Machine's

sales demonstrations encouraged cutting concrete using a method patented by Chiuminatta, thereby both violating

and inducing others to violate Chiuminatta's methods patent. Id. 1

In May of 1999, Green Machine filed a three count complaint in state court seeking a declaration that Zurich was required to defend and indemnify it in the underlying Chiuminatta patent action. Zurich removed the action to the United Stated District Court for the Eastern District of Pennsylvania, where the parties filed cross-motions for summary judgment.

In August of 2001, the Pennsylvania district court granted Zurich's motion for summary judgment and denied Green Machine's cross-motion. The court held that Chiuminatta's complaint did not allege an "advertising injury" and, consequently, Zurich had no duty to defend Green Machine in the lawsuit. We review this conclusion of law de novo. Township of Center, Butler County, Pennsylvania v. First Mercury Syndicate, Inc., 117 F.3d 115, 117 (3d Cir. 1997). The district court had diversity jurisdiction of this case pursuant to 28 U.S.C.S 1332, and we have appellate jurisdiction under 28 U.S.C. S 1291.

II.

Zurich's duty to defend and indemnify Green Machine is contained in Section I (B) of the policy which provides the following:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies.

Zurich denied coverage to Green Machine based upon its position that the allegations in the underlying lawsuit do not state a claim for advertising injury. Under the policy, an advertising injury, among other things, is one arising out of the "misappropriation of advertising ideas or style of doing business."2 Green Machine contends that Chiuminatta's

_____

1. The case was remanded and remains pending.

2. The parties agree that this is the relevant definition of advertising injury for purposes of this action.

claims can appropriately be viewed as both of these types of advertising injury.

A. Misappropriation of An Advertising Idea

We have recently held that "to be covered by the policy, allegations of . . . misappropriation have to involve an advertising idea, not just a nonadvertising idea that is made the subject of advertising." Frog, Switch & Mfg. Co. v. Travelers Ins. Co., 193 F.3d 742, 748 (3d Cir. 1999). Misappropriating advertising ideas is the wrongful taking of an idea about the solicitation of business and customers. Id.[3]

In this case, there are no such allegations.[4] Chiuminatta's complaint alleges that Green Machine infringed its concrete-cutting patents by creating similar products or copying certain patented methods. There is no allegation that Green Machine took any of Chiuminatta's marketing, promotional, or advertising materials or ideas. The only connection between Chiuminatta's claim and advertising is that Chiuminatta also alleges that, after Green Machine "stole" its patented method of cutting concrete, it advertised that method to others, thereby inducing them to infringe the patent as well.

Advertising injury is not, however, the same thing as advertising per se. Advertising injury is the misappropriation of another's advertising idea or concept. Green Machine argues that "Chiuminatta's advertising concept [was] to solicit its relevant market to cut concrete using its patented method" (emphasis added). Thus, Chiuminatta's advertising idea which Green Machine contends it was accused of misappropriating was to advertise. Under this theory, any competitor of Chiuminatta's who advertises -- no matter what the content of that advertising -- has misappropriated

_____

3. In view of our recent explanation of "advertising injury" in Frog, Switch, we decline Green Machine's invitation to hold that this term is ambiguous as a matter of law.

4. In determining the existence of coverage, the factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured. Biborosch v. Transamerica Ins. Co., 412 Pa. Super. 505, 603 A.2d 1050, 1052 (Pa. Super. 1992).

5

Chiuminatta's advertising idea to advertise. This is not what we mean by advertising injury since, were that the meaning, there could be no advertising without injury. Allegations that Green Machine stole a patented method for cutting concrete and also advertised the results of that theft, does not convert the underlying theft into "advertising injury." Id. at 744.

B. Misappropriation of Style of Doing Business

Green Machine also asserts that Chiuminatta's complaint can be fairly read to allege advertising injury by way of misappropriation of "style of doing business." Style of doing business has routinely been characterized as referring to a

company's "comprehensive manner of operating its business." Hyman v. Nationwide Mut. Fire Ins. Co., 304 F.3d 1179, 1188 (11th Cir. 2002) (citing Novell, Inc. v. Federal Ins. Co., 141 F.3d 983, 986 (10th Cir. 1998) (collecting cases). Green Machine contends that Chiuminatta's patented method for cutting concrete is its "manner of operating its business" and, therefore, its style of doing business.[5]

We have already rejected this overly broad view. In Frog, Switch, we explained that "style of doing business" is "a plan for interacting with consumers and getting their business." Id. at 749-50. Style of doing business, therefore, refers to a company's marketing approach, not its production or product. Chiuminatta's method of cutting concrete is like a "product."[6] It is not a marketing strategy

---

5. Green Machine states that "[f]rom the allegations of the Chiuminatta Complaint, it is clear that [Chiuminatta's]'business' is the uncured or 'soft' concrete cutting business and that its'comprehensive manner' of operating within that business is to manufacture saws and to use those saws in a certain manner (i.e., to cut concrete in a certain claimed hardness range as defined in the 675 Patent)."

6. We do not agree with Green Machine that Chiuminatta's method of cutting concrete is "trade dress" which may constitute an advertising injury if misappropriated. See Frog, Switch, 193 F.3d at 748; see also Hyman v. Nationwide Mutual Fire Insurance Co., 304 F.3d 1179 (11th Cir. 2002). Chiuminatta's patented method for cutting concrete is Chiuminatta's "product." This method is not merely packaging, labeling, or marketing designed to make the real product readily identifiable to consumers. Hyman, 304 F.3d at 1189.

or a "plan for interacting with consumers and getting their business."[7] Chiuminatta alleges not that Green Machine copied its marketing strategy or style of attracting customers, but that Green Machine copied its patented method for cutting concrete in order to sell its own saws, thereby inducing others to infringe on the patented method as well. These allegations do not state a claim for misappropriation of Chiuminatta's marketing style used to sell its concrete-cutting method, but rather for theft of the underlying method itself.

III.

Misappropriation of an advertising idea is the wrongful taking of an idea concerning the solicitation of business and customers. Misappropriation of a style of doing business is the wrongful taking of a company's plan for interacting with consumers and getting their business. There are no such allegations in the underlying action which forms the basis for Green Machine's request for coverage under its policy of insurance with Zurich American. Accordingly, the judgment of the District Court denying coverage will be affirmed.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

_____

7. We are not persuaded by Green Machine's argument that the meaning of "style of doing business" depends upon whether we are dealing with a method patent or a product patent, or direct infringement as opposed to induced infringement. Green Machine's theory is that when the patent at issue is for a method of doing something, that method is its style of doing business. We can think of no principled reason why this should be so, and Green Machine has cited no authority in support of its theory.

7