**Opinions of the United States Court of Appeals for the Third Circuit**



11-10-2003

# Westport Reinsurance v. St Paul Fire

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3858

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Westport Reinsurance v. St Paul Fire" (2003). *2003 Decisions.* Paper 123.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/123

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  02-3858
_____

WESTPORT REINSURANCE MANAGEMENT, LLC,

*Appellant*

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 01-cv-00926)
District Judge: Honorable Garrett E. Brown, Jr.

_____

Argued September 9, 2003
Before: BARRY, BECKER and GREENBERG, *Circuit Judges.*

(Filed: November 10, 2003)

JEFFREY A. COOPER, ESQUIRE
ROBERT P. DONOVAN, ESQUIRE (ARGUED)
Carella, Byrne, Bain, Gilfillan, Cecchi,
Stewart & Olstein
5 Becker Farm Road
Roseland, New Jersey 07068

*Attorneys for Appellant*

GEORGE R. HARDIN, ESQUIRE (ARGUED)
JOHN R. SCOTT, ESQUIRE
Hardin, Kundla, McKeon, Poletto & Polifroni
673 Morris Avenue
P.O. Box 730
Springfield, New Jersey 07081

*Attorneys for Appellee*

———————————————
OPINION
———————————————

BECKER, *Circuit Judge*.

This in an insurance coverage case turning on the existence *vel non* of an advertising injury. The ultimate issue is whether defendant St. Paul Fire Insurance Company ("St. Paul") had a duty to defend plaintiff Westport, a reinsurance company, in a suit filed against Westport in Georgia state court. That suit, brought by Integrated Benefits and Compensation ("IBC"), alleged that Westport was involved in a "scheme to steal IBC's 24 Hour product, its copyrights, confidential information, trade secrets and intellectual property related to the design and development of the 24 Hour product." The IBC litigation was settled and under the terms of settlement, Westport paid $200,000 to IBC. Westport then filed a complaint in New Jersey Superior Court against St. Paul for coverage against the IBC litigation and for bad faith. The case was removed to Federal District Court pursuant to diversity jurisdiction and both parties filed motions for summary judgment. The District Court entered an order granting St. Paul's motion for summary judgment and denying Westport's cross motion. This appeal followed. We will affirm.


I.

The controlling cases are *Tradesoft Technologies, Inc. v. Franklin Mutual Insurance Co.*, 746 A.2d 1078 (N.J. Super. App. Div. 2000) and *Frog Switch &*

2

*Manufacturing Co. v. Travelers Ins. Co.*, 193 F.3d 742 (3[d] Cir. 1999), which is followed in

*Tradesoft*. In *Tradesoft*, the Court held that "the determination of whether a liability

policy entitles the insured to a defense of an action brought against it requires first that the

allegations of the complaint be compared with the policy language. 'When the two

correspond, the duty to defend arises, irrespective of the claim's actual merit.'" *Tradesoft*,

746 A.2d at 1081 (quoting *Voorhees v. Preferred Mut. Ins. Co.*, 128 N.J. 165, 173 (1992)).

Westport claims that the District Court erred when it bypassed this step and proceeded

directly to determine whether the allegations in the complaint asserted a causal connection

between the advertising and the injury. The District Court's reasoning for doing so was

the following:

> The court [in *Tradesoft*] noted, "[t]he injury must result from an offense committed in the course of advertising." Once the causal connection is established, the next step is to identify whether the advertising injury was caused by one of the delineated categories under the insurance policy. The court stated: "[w]e think it plain that the import of the advertising injury coverage was to afford protection to the insured for offenses committed while *undertaking advertising activities* that caused specifically defined injuries."

(Mem. Op. 8) (citations omitted) (second and third alterations in original) (emphasis

supplied by the District Court). We agree.

In its complaint, IBC describes its 24 Hour Insurance as follows:

> The IBC 24 Hour Product is an insurance policy designed and developed by IBC to be marketed and sold to employers in Georgia and throughout the United States. The 24 Hour Product is designed to combine into a single integrated policy of insurance an employee's general health insurance and workers' compensation benefits to be sold to both self insured and fully insured employers. It is referred to as the 24 Hour Product because it provides continuous insurance coverage to the employee, both while engaged in his or her employment, the occupational coverage, and while away from his or her employment, the non-occupational coverage. To IBC's knowledge, there is no other single integrated policy of insurance available

3

on the market that is competitive with or comparable to its 24 Hour Product.

## II.

IBC proceeds to describe at length the ways in which Westport schemed to steal this idea from it in order to market it to competitors. Given IBC's own definition of the 24 Hour Insurance Product, it seems very clear that we are, in fact, dealing with a product, and not with an "advertising idea or concept." As we stated in *Green Machine Corp. v. Zurich-American Insurance Group*, 313 F.3d 837, 840 (3d Cir. 2002), which followed *Frog Switch*, "[a]dvertising injury is the misappropriation of another's advertising idea or concept." Like in *Frog Switch*, it seems that Westport stole an idea (here the integrated insurance policy, there the dipper bucket design) and then set about to advertise and solicit customers based on that idea. In *Frog Switch*, the Court held that advertising a stolen idea does not convert the theft into an "advertising injury" and that the insurer therefore has no duty to defend against such claims. *See Frog Switch,* 193 F.3d at 744.

Westport contends that IBC's claims for misappropriation of the 24 Hour Insurance Product triggered coverage because the insurance product itself, as alleged, constituted an advertising idea or style of doing business. The District Court refused to accept Westport's characterization of the 24 Hour Insurance Product as an "advertising gimmick/strategy" because it supposedly brought together two established insurance policies into one. We agree with the District Court's assessment: the 24 Hour Insurance Product is a way of bundling two types of insurance together that may be novel in the field, but it is not an "advertising idea, material, slogan, style, or title of others" as defined

4

in the St. Paul Policy.

In *Green Machine*, we explicitly described the misappropriation of an advertising idea as "the wrongful taking of an idea concerning the solicitation of business and customers." *Green Machine*, 313 F.3d at 841. This definition clearly does not apply to the 24 Hour Insurance Product because the product was a type of insurance, not an advertising idea. "[T]o be covered by the policy, allegations of . . . misappropriation have to involve an advertising idea, not just a nonadvertising idea that is made the subject of advertising." *Green Machine*, 313 F.3d at 839.

In sum, the integration of two types of insurance creates a product, not an advertising idea or concept. We have carefully examined the provisions of the St. Paul policy but find nothing in their definitions of advertising, advertising injury, or advertising injury offense that undermines this analysis. We will therefore affirm the District Court's grant of summary judgment to St. Paul as it had no duty to defend Westport against the IBC litigation.

TO THE CLERK:

Kindly file the foregoing opinion.

/s/ Edward R. Becker
Circuit Judge