88 P.3d 1008 (2004)
AUTO SOX USA INC., a Washington corporation, and Sam Cassel, a natural person and officer of Autosox, Usa Inc., and Tracy Cassel, a natural person and officer of Autosox Usa Inc., Respondents,
v.
ZURICH NORTH AMERICA, a foreign business entity, and Northern Insurance Company Of New York, Inc., a foreign corporation, and Farmin, Rothrock & Parrott, Inc., a Washington corporation, Petitioners.
No. 21576-8-III.
Court of Appeals of Washington, Division 3, Panel Four.
April 29, 2004.
*1009 Ignatius Melito, Siff, Rosen & Parker, New York, NY, Jacquelyn A. Beatty, Walter E. Barton, Attorneys at Law, Seattle, WA, for Appellant.
Theresa L. Keyes, David K. Daggett, Preston, Gates & Ellis LLP, Spokane, WA, for Respondent.
Donald S. Kunze, Summit Law Group PLLC, Seattle, WA, Amicus Curiae.
KURTZ, J.
William Elmer sued Auto Sox USA, Inc. for patent infringement. Auto Sox tendered the claim to its insurance company, Northern Insurance Company of New York, Inc. It claimed coverage as an "advertising injury." Northern denied coverage. Auto Sox then sued Northern and its parent company, Zurich North America. The trial court held that Auto Sox's claim for patent infringement was an advertising injury. Northern moved for discretionary review here. We granted review and now reverse.

FACTS
Auto Sox manufactures and sells roof-top advertising signs for vehicles. William A. Elmer patented an improvement to vehicle roof signs. Specifically, he improved the way the signs attach to the roof. In June 2001, Mr. Elmer sued Auto Sox and others. Northern insured Auto Sox. Its Commercial General Liability policy covers an "`[a]dvertising *1010 injury' caused by an offense committed in the course of advertising your goods, products or services." Clerk's Papers (CP) at 301.
Auto Sox tendered the defense of the Elmer lawsuit to Northern. Northern denied coverage because the complaint did not allege an advertising injury. Auto Sox asked Northern to reconsider. Northern refused and again denied coverage. Auto Sox then sued Northern, Zurich, and the insurance agents who sold it the policy. Among other things, the complaint sought a declaration of coverage.
Northern moved for summary judgment. Auto Sox responded with a motion for partial summary judgment. The court concluded that the policy covered the claim and granted Auto Sox's motion.

ANALYSIS
We review partial summary judgments de novo. Weyerhaeuser Co. v. Commercial Union Ins. Co., 142 Wash.2d 654, 665, 15 P.3d 115 (2000). In doing so, we engage in the same inquiry as the trial court. Ellis Court Apartments Ltd. P'ship v. State Farm Fire & Cas. Co., 117 Wash.App. 807, 811, 72 P.3d 1086 (2003). Interpretation of an insurance contract is a question of law, which we review de novo. Roller v. Stonewall Ins. Co., 115 Wash.2d 679, 682, 801 P.2d 207 (1990). "In construing the language of an insurance policy, the policy should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." Id. at 682, 801 P.2d 207. "`If the language is clear and unambiguous, the court must enforce it as written and may not modify it or create ambiguity where none exists.'" Ellis, 117 Wash.App. at 814, 72 P.3d 1086 (quoting Weyerhaeuser, 142 Wash.2d at 666, 15 P.3d 115).
Auto Sox's policy covers an "`[a]dvertising injury' caused by an `offense' committed in the course of advertising your goods, products or services." CP at 301. The policy defines "offense" as one or more of the following:
b. With respect to "advertising injury":
(1) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;
(2) Oral or written publication of material that violates a person's right of privacy;
(3) Misappropriation of advertising ideas or style of doing business; or
(4) Infringement of copyright, title or slogan.
CP at 309. Auto Sox claims coverage under both subparagraphs (3) and (4). Auto Sox also argues that the language of both subparagraphs is ambiguous and could be reasonably read to include a patent infringement claim.
The question before us is whether the conduct alleged in Auto Sox's complaint manufacturing and selling a patented rooftop signis covered by the "advertising injury provision" of the Northern policy. The meaning of "misappropriation of an advertising idea" has recently been addressed in Amazon.com Int'l, Inc. v. Am. Dynasty Surplus Lines Ins. Co., 120 Wash.App. 610, 85 P.3d 974 (2004). There, the court defined "misappropriation of an advertising idea" as the "wrongful taking of another's manner of advertising." Id. at 976. Other courts have offered similar definitions. The Third Circuit has suggested the following meaning: "the wrongful taking of an idea about the solicitation of business and customers." Green Machine Corp. v. Zurich-American Ins. Group, 313 F.3d 837, 839 (3d Cir.2002); see also Heritage Mut. Ins. Co. v. Advanced Polymer Tech., Inc., 97 F.Supp.2d 913, 926 (S.D.Ind.2000) (adopting Third Circuit definition). The Sixth Circuit has defined the phrase as "`an idea for calling public attention to a product or business.'" Advance Watch Co. v. Kemper Nat'l Ins. Co., 99 F.3d 795, 801 (6th Cir.1996) (quoting Atl. Mut. Ins. Co. v. Badger Med. Supply Co., 191 Wis.2d 229, 239, 528 N.W.2d 486 (Wis.Ct. App.1995)). The Eleventh Circuit has defined the phrase as "any idea or concept related to the promotion of a product to the public." Hyman v. Nationwide Mut. Fire Ins. Co., 304 F.3d 1179, 1188 (11th Cir.2002).
*1011 Generally, these definitions focus on what the insured has taken. If the insured took an idea for soliciting business or an idea about advertising, then the claim is covered. See Heritage, 97 F.Supp.2d at 927. But if the allegation is that the insured wrongfully took a patented product and tried to sell that product, then coverage is not triggered. Id.
For example, in Green Machine the insured merely took a patented method of cutting concrete and advertised the "results of that theft." Green Machine, 313 F.3d at 840. The claim for patent infringement was then not an advertising injury. Id. The insured did not take an actual advertising idea. It took a product idea.
By contrast, in Amazon, Intouch Group alleged Amazon misappropriated Intouch's patented advertising technique for sampling music available for purchase on Amazon's website. Initially, the court noted that patent infringement arising from the manufacture of an infringing product is not an advertising injury even if the infringing product is used in advertising. Amazon, 85 P.3d at 977. But, the court further noted that "patent infringement may constitute an advertising injury `where an entity uses an advertising technique that is itself patented.'" Id. (emphasis omitted) (quoting Iolab Corp. v. Seaboard Sur. Co., 15 F.3d 1500, 1507 n. 5 (9th Cir.1994)). Because Intouch alleged that Amazon used its patented product as an advertising technique, the court held Amazon's insurance company had a duty to defend.[1]
The term "misappropriation of [an] advertising idea[]" is not ambiguous particularly in the context presented here, an insurance contract. See Advance Watch Co., 99 F.3d at 802. "Misappropriation of an advertising idea" is the "wrongful taking of another's manner of advertising." Amazon, 85 P.3d at 976.
Here, the patent is entitled "Vehicle Advertising Sign, System and Method." CP at 637, 646. The summary of the invention states:
The present invention concerns an apparatus and related method for displaying removable advertising sign on a vehicle. Magnetic means are provided for removably attaching the advertising sign to the vehicle, and includes illumination means for night-time visibility of the advertising message. Means are also provided for storing a plurality of the advertising members.
CP at 642. The patented product itself relates to a product used to advertise. It is not, however, an "advertising idea" that relates to ideas about soliciting customers. Green Machine, 313 F.3d at 839.
Auto Sox argues that the patent is an advertising idea because the Elmer patent expressly pertains to vehicle rooftop signs designed to advertise. However, this argument ignores the distinction between an advertising idea and an advertised product. Auto Sox did not take Mr. Elmer's ideas about how to solicit customers with his patented design for a rooftop sign. Auto Sox took his idea for the manner in which a rooftop sign is attached to a vehicle. In other words, Auto Sox alleged infringement occurred not in advertising but in the manufacture and sale of an infringing product.
Auto Sox also contends its insurance coverage was triggered because the patent infringement claim is covered as an "infringement of copyright, title or slogan." CP at 309. Specifically, Auto Sox focuses upon the word "title" and argues that "title" encompasses a patent infringement claim.
Generally, courts have held that "infringement of copyright, title or slogan" is an unambiguous term. United States Fid. & Guar. Co., Inc. v. Frosty Bites, Inc., 232 F.Supp.2d 101, 104 (S.D.N.Y.2002). The cited terms are specific and connected to well-known legal categories. Id. They do not *1012 include patent infringement, which is a distinct legal claim. Id.; see Maxconn Inc. v. Truck Ins. Exch., 74 Cal.App.4th 1267, 88 Cal.Rptr.2d 750, 754-55 (1999) (the court characterized as unreasonable the argument that the word "title" could refer to ownership of property such as a patent); see also Owens-Brockway Glass Container, Inc. v. Int'l Ins. Co., 884 F.Supp. 363, 368 (E.D.Cal.1995) (the court held that "title" refers to a name or a literary artistic work rather than the ownership or an invention or other thing), aff'd, 94 F.3d 652, 1996 WL 445082 (9th Cir.1996).
A claim for patent infringement is not covered by the advertising injury provision of Auto Sox's Commercial General Liability policy issued by Northern.
Reversed.
WE CONCUR: SWEENEY, A.C.J., and SCHULTHEIS, J.
NOTES
[1] But the majority of cases hold that patent infringement is not covered by the misappropriation of an advertising idea in an insurance policy. See Advance Watch Co., 99 F.3d at 802; Iolab Corp., 15 F.3d 1500; United States Fid. & Guar. Co. v. Frosty Bites, Inc., 232 F.Supp.2d 101, 104 (S.D.N.Y.2002); Heil Co. v. Hartford Accident & Indem. Co., 937 F.Supp. 1355 (E.D.Wis.1996); Gencor Indus., Inc. v. Wausau Underwriters Ins. Co., 857 F.Supp. 1560 (M.D.Fla.1994); Atl. Mut. Ins. Co. v. Brotech Corp., 857 F.Supp. 423 (E.D.Pa.1994), aff'd, 60 F.3d 813 (3d Cir.1995); Fluoroware, Inc. v. Chubb Group of Ins. Cos., 545 N.W.2d 678 (Minn.Ct.App.1996).