NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 21-2265

————————

REPUBLIC FRANKLIN INSURANCE COMPANY,

Appellant

v.

EBENSBURG INSURANCE AGENCY; KEYSTONE INSURERS
GROUP INC; AMERICAN BUILDERS INSURANCE CO,
f/n/a Association Insurance Company

————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-20-cv-01741)
District Judge: Honorable Matthew W. Brann

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 19, 2022

Before: RESTREPO, FUENTES, AMBRO* Circuit Judges

(Opinion Filed: June 9, 2023)

————————

OPINION**

————————

_____

* Judge Ambro assumed senior status on February 6, 2023.
** This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Republic Franklin Insurance Company ("Republic") sought a declaratory judgment that it was not required to defend or indemnify its insureds, Ebensburg Insurance Agency ("Ebensburg") and Keystone Insurers Group, Inc. ("Keystone"), in a pending civil suit. The District Court denied its request. For the following reasons, we affirm.

I.

American Builders Insurance Company ("American"), yet another insurer, filed the underlying action against Ebensburg and Keystone. In that case, American alleges Ebensburg (a Keystone partner agency) submitted, on behalf of its client Custom Installations, an inaccurate workers' compensation insurance application to American. American accepted the application, issued a policy, and paid workers' compensation benefits when Custom Installations submitted a claim. American contends it would not have done so but for Ebensburg's alleged errors, and brings claims for breach of contract, professional negligence, negligent misrepresentation, and fraudulent misrepresentation.

When American commenced its suit, Ebensburg and Keystone were insured under a professional liability policy issued by Republic. That policy was not in effect at the time of the alleged misconduct, but it provided coverage for past "wrongful acts" so long as an insured "had no knowledge that such 'wrongful act' was likely to give rise to a 'claim' [t]hereunder." Appx. 96. An additional-insured endorsement, which added Keystone to the policy, further excluded claims "arising out of a 'wrongful act' which any insured knew of before the effective date of th[e] endorsement." Appx. 71. The policy defined "wrongful act" as any "negligent act, negligent error, [or] negligent omission . . . ." Appx. 95.

2

Republic initially defended Ebensburg and Keystone in American's lawsuit, subject to a reservation of rights. But soon thereafter it filed this declaratory judgment action to terminate representation, arguing it was not required to defend or indemnify either party. Specifically, Republic claimed Ebensburg knew the insurance application it submitted on behalf of Custom Installations to American contained false information, and thus knew before the professional liability policy's effective date that the submission was a "wrongful act" likely to result in a claim. Republic offered two facts in support: (1) an Ebensburg employee received in 2015 a reservation-of-rights letter from American to Custom Installations asserting that its Ebensburg-prepared insurance application was inaccurate; and (2) two Ebensburg employees were deposed in 2017 as part of the lawsuit brought by American against Custom Installations based on the insurance application.

The District Court dismissed Republic's duty-to-defend claims[1] with prejudice, holding that Pennsylvania law (which governs this action) barred it from introducing extrinsic evidence to terminate its defense duties. Republic appeals.[2]

## II.

In assessing an insurer's duty to defend its insured, Pennsylvania courts apply the "four corners" approach. This means defense disputes are "answered by comparing the four corners of the insurance contract to the four corners of the complaint" in the underlying

---

[1] Republic's duty-to-indemnify claims were dismissed without prejudice and are not a subject of this appeal.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1). It entered final judgment on the duty-to-defend claims. Appx. 34. We thus have jurisdiction under 28 U.S.C. § 1291. Our review is *de novo*. *Green Mach. Corp. v. Zurich-Am. Ins. Grp.*, 313 F.3d 837, 839 (3d Cir. 2002).

action. *Erie Ins. Exch. v. Moore*, 228 A.3d 258, 268 (Pa. 2020). If the factual allegations assert an injury potentially within the insurance policy's scope, the insurer must undertake a defense. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896–97 (Pa. 2006); *Vitamin Energy, LLC v. Evanston Ins. Co.*, 22 F.4th 386, 392 (3d Cir. 2022).

But that doesn't mean an insurer's defense duties cannot terminate prior to the end of the litigation. The Pennsylvania Supreme Court has acknowledged as much, noting that "to the extent there are undetermined facts that might impact on coverage, the insurer has a duty to defend until the 'claim is narrowed to one patently outside the policy coverage.'" *Moore*, 228 A.3d at 268 (quoting *Mace v. Atl. Refining Mktg. Corp.*, 785 A.2d 491, 500 (Pa. 2001) (Saylor, J., dissenting)). Unfortunately for our purposes, the Court has yet to clarify what it means to narrow a claim so.

Republic seizes on this lack of clarity to argue that an insured may, after its defense duty is triggered, offer evidence outside the complaint to litigate a coverage issue so long as that issue is independent of the underlying claims. But it cites no authority supporting this broad proposition. And we hesitate to recognize a rule that bars an insurer from relying on extrinsic evidence prior to undertaking its representation but allows it to present that evidence as soon as its defense is ongoing.

What Republic really asks us is to find an exception to Pennsylvania's four corners rule that would allow it to introduce extrinsic evidence. Granted, not all states apply the rule strictly. The Florida Supreme Court, for instance, has identified "some natural exceptions" to the four corners doctrine "where an insurer's claim that there is no duty to

4

defend is based on factual issues that would not normally be alleged in the complaint." *Higgins v. State Farm Fire & Cas. Co.*, 894 So.2d 5, 10 n.2 (Fla. 2004). But Republic offers nothing to indicate the Pennsylvania Supreme Court would adopt a similar exception or that it would apply such an exception to the circumstances here. To the contrary, Pennsylvania's case law suggests an exacting adherence to the four corners rule. *See Kvaerner*, 908 A.2d at 896 (noting the "well-established precedent . . . requiring that an insurer's duty to defend and indemnify be determined *solely* from the language of the complaint against the insured" (emphasis added)).[3]

We recognize the language from *Moore* relied on by Republic—that an insurer must defend its insured until the claim "is narrowed to one patently outside the policy coverage"—must mean something. 228 A.3d at 268. But there are ways to interpret the phrase that do not require crafting a currently unrecognized exception to Pennsylvania's four corners rule; for example, narrowing could occur if the plaintiff drops or the court dismisses the only claims that would trigger coverage under a policy. *See, e.g., Palmer v.*

---

[3] Republic cites an unpublished case holding that extrinsic evidence may be considered to determine whether a claim was "first made" prior to an insurance policy's effective date. *LA Weight Loss Ctrs., Inc. v. Lexington Ins. Co.*, 2006 WL 689109, at *3-5 (Phila. Ct. Com. Pl. Mar. 1, 2006). It argues the insurer could introduce the evidence because it sought to show a condition precedent to the policy's effectiveness was unsatisfied, not that an exclusion was triggered. But even assuming extrinsic evidence can always be introduced to determine the status of a condition precedent, we agree with the District Court that the relevant clauses here are exclusions, not conditions precedent. And to the extent *LA Weight Loss*—along with other cases Republic cites like *State Farm Fire & Cas. Co. v. Bellina*, 264 F. Supp. 2d 198, 204 (E.D. Pa. 2003)—stand for the broader proposition that it may be appropriate to rely on certain dispositive and undisputed facts not alleged in the complaint when deciding duty-to-defend disputes (though the Pennsylvania Supreme Court has yet to say as much), this case does not involve such a circumstance.

*Twin City Fire Ins. Co*, 2017 WL 5571051, at *3 (E.D. Pa. Nov. 20, 2017) (collecting cases where the underlying litigation established "absolutely clear" facts showing claims had been confined to those not covered).

In any event, we need not decide whether Pennsylvania would recognize the exception Republic advocates: to repeat, that an insurer, in a declaratory judgment action, can introduce extrinsic evidence relevant to a dispositive coverage issue when that issue is unrelated to the merits of the underlying liability case. That's because such an exception would not apply here.

Under the professional liability policy, Republic is relieved from coverage only if an insured had knowledge that "[a] 'wrongful act' was likely to give rise to a 'claim.'" Appx. 96. Under the endorsement, only claims "arising out of a 'wrongful act' which any insured knew of" are excluded. Appx. 71. Thus, each provision requires Republic to show there was a "*negligent* act, *negligent* error, [or] *negligent* omission" (emphases added). Appx. 95. It must establish not that Ebensburg or Keystone "*may have* committed a wrongful act," Appellant Br. 29 (emphasis added), but that one or both were actually at fault. *Cf. Med. Protective Co. of Fort Wayne v. Am Int'l Specialty Lines. Ins. Co.*, 911 F.3d 438, 446-47 (7th Cir. 2018) (rejecting an insurer's argument that it need only show a possible or alleged "Wrongful Act" occurred to trigger a policy exclusion for "any claim arising out of any Wrongful Act" that happened prior to a cut-off date). As this is what American seeks to establish in the underlying litigation, any extrinsic evidence on and adjudication of the question here would overlap with the issues in those proceedings.

6

We thus affirm.[4]

---

[4] Republic contends that, in dismissing its duty-to-defend claims with prejudice, the District Court "froze [its] duty to defend, regardless of events in the underlying case." Appellant Br. 9. We do not read the Court's order so broadly. Just because Republic is barred from relitigating the claims in this action does not mean it cannot rely on new developments to challenge its defense duties in a future action.